## HERKIMER COUNTY COURT.

### John M. Houghton, respondent agt. Delos M. Kenyon, appellant.

It was the intention of the law, allowing *appeals* from justice's courts to the county court, "when the amount of the claim or claims for which judgment was demanded by either party in his pleadings in the court below shall exceed fifty dollars," not to allow either party a *new trial* in the county court, unless judgment for a sum exceeding fifty dollars is demanded, *in a proper case, in good faith.*

Where an action is brought in a justice's court, claiming less than $50 damages, the defendant has a right to draw his answer in such a manner as to have a new trial in the county court, in the event of his being unsuccessful in the court below, *provided*, his defenses are not sham or false, and are pleaded in good faith, and are proper defenses to the cause of action set out in the complaint.

Where the plaintiff succeeds before the justice on the trial of an issue of general denial in recovering judgment for the amount of his claim—being less than $50: And the defendant appeals for a new trial in the county court, upon other defenses interposed, claiming a judgment of over $50, and such defenses are clearly sham and false, they will be stricken out by the county court, on motion, and the appeal ordered to be heard by *argument*, upon the justice's return.

*June Term*, 1869.

Houghton brought an action before a justice of the peace, in trover, for the conversion of a case of boots, alleged to have been delivered to the defendant through a mistake, and which the defendant converted to his own use, and demanded judgment in his complaint for $33. The defendant in his answer, set up three defenses, as follows:

First—A general denial. Second—An offset of an account against the plaintiff claiming a balance due him of $67, for which he demanded judgment; and Third—That in consequence of the negligence and carelessness of the plaintiff in effecting the alleged delivery of said case of boots the defendant sustained $100 damages, and demanded judgment for $167, and costs. On the trial, before the justice,

the defendant offered no evidence under the second and third defenses in his answer.

The plaintiff had a verdict, before the justice, for $33. The defendant appealed to this court and demanded a new trial.

The plaintiff now makes a motion to strike out the second and third defenses in the answer, as sham and false; each party submitting affidavits in support of their respective allegations.

J. A. STEELE, *for the motion.*
THOS. RICHARDSON & J. J. DUDDLESTON, *opposed.*

AMOS H. PRESCOTT, C. J.,—It is conceded by the counsel that this motion is properly made at this time, and that this court has full authority and power, upon this motion, to determine the questions involved upon the merits. From the return of the justice, it appears that, on the trial in the court below, the case was closely contested, and by able counsel, the main question lititgated before the justice, was, as to whether the defendant did actually recieve the case of boots.

The defendant offered no evidence under the second and third defenses pleaded in his answer. This bears somewhat upon the question of good faith, though it is not very material.

The defendant's attorney, before the justice and in this court, swears, that, at the time of the joining of the issue, he told the plaintiff's attorney, that the defendant would claim a new trial in the county court. It seems then quite clear, that the intention and the object of the defendant was, to draw his answer in such a manner as to have a new trial in the county court, in the event of his being unsuccessful in the court below. This he had a right to do, provided his defenses were not sham or false, and were pleaded in good faith; and provided also that the defenses

were, or that either of them was, a pioper defense to the cause of action set out in the complaint.

This court can on this motion, only look to the return of the justice for the purpose of ascertaining what the issue was, that was joined in the court below.

The complaint is clearly one sounding in tort; hence no set-off could be pleaded or allowed, and no evidence could have been legally given under the second defense, if it had been offered in the court below, (if the same had been objected to.) It follows as a matter of course, that the second defense is sham because no such defense could be legally interposed.

In regard to the third defense, it clearly is both false and sham. The defendant was under no obligation to recieve the case of boots ; and, on the trial, he testified he did not recieve them; and if he recieved the same under mistake, all he had to do was to notify the plaintiff to take the property away. He certainly could not be injured if the plaintiff was negligent and careless in effecting the delivery, because the property was not his, and the answer does not claim, in any manner, to set up a defense that the property had been injured at any time by the plaintiff. The defendant was liable only for the value of the property at and after the time it came into his possession. The defendant cannot say after recieving and converting the property of a stranger, he has been damaged by his own unauthorized acts.

The legislative power has several times amended the law relating to appeals from justice's courts. It is now provided that a party can have a new trial in the county court, "when the amount of the claim or claims for which judgment was demanded by either party in his pleadings in the court below shall exceed fifty dollars. This court is not compelled to try a case over because a defendant or a plaintiff, may, at the joining of the issue, see fit to put in a pleading which is entirely foreign to the case, and under

which no evidence could be given. To hold that such a course of practice is regular, would substantially amount to the giving either of the parties a new trial in the county court in all cases where it was desired by either partiy ; while it clearly is the intention of the law not to allow either party a new trial in the county court, unless judgment for a sum exceeding fifty dollars is demanded, in a proper case, in good faith

In the case of *Fuller* agt. *Brierly*, 36 *How.* 47, the pleadings were correct in substance. The answer of the de: fendant was in all respects regular, and such an answer as was proper in the case ; but on the trial the defendant did not go into his defense, on account of a want of confidence in the impartiality of the justice. The defendant appealed, and a motion was made to strike out the fifth count of the defendant's answer. Affidavits of its truth and falsity were submitted on each side, and the court properly held, that the fact that the defendant gave no evidence under it was insufficient to strike it out ; and that the court would not determine the truth or falsity of the answer by affidavits.

If the second and third defenses in the answer in this case are allowed to stand the case must be retried, when it is apparent that no evidence could be given in support of either of the said defenses ; and the effect would be simply to allow the defendant to litigate over the claim of the plaintiff for the sum of $33 damages.

The second and third defenses must be stricken out; but I think that the appeal cannot be dismissed on this motion. The case is regularily in this court, and I direct that an order be entered directing that it is not a case for a new trial, and that the appeal therein be heard by argument, upon the justice's return, if the defendant desires to have the case reviewed.

The sum of $7 costs of this motion is allowed to the plaintiff.