# SUPREME COURT.

HENRY C. HARVEY and ANDREW SAULPAUGH, appellants, agt. GEORGE VAN DYKE, respondent.

*Justices' courts — Manner of reviewing justice's judgment — When appellant may demand new trial in appellate court — Practice — Code of Civil Procedure, section 3068.*

It is not in every case where the defendant demands in his answer judgment in his favor exceeding fifty dollars that he, as appellant, may demand and have a new trial in the appellate court, but only in those cases where from the nature of the action and the condition of the

pleading it can be seen that the demand has some basis in fact or law in its support.

An improper pleading cannot be made the basis of a demand for a new trial in the county court, under the Code, applicable to appeals from judgments rendered by justices of the peace.

Where an action was brought in a justice's court in trover for taking and converting a cow, and damages were claimed in the sum of fifty dollars, the defendant answered by general denial, also set up property in himself, demanded judgment for the dismissal of the complaint and for seventy-five dollars damages, &c. Judgment was rendered in favor of plaintiffs for forty-four dollars and twelve cents. The defendant in his notice of appeal to the county court demanded a new trial in that court. The justice's return having been filed the plaintiffs moved thereon for an order transferring the case to the law calendar, and that it be heard on the justice's return without a new trial therein, which motion was denied:

*Held*, that the practice was correct. It was proper to determine in advance whether the appeal was to be tried on a question of fact or one of law. The county court had jurisdiction to determine that question, and it could do it as well on special motion as at opening of trial.

*Third Department, General Term, July,* 1883.

*Before* LEARNED, *P. J.,* BOARDMAN *and* BOCKES, *JJ.*

*Hawver & Cochrane,* for appellants.

*Andrews & Edwards,* for respondents.

BOCKES, *J.* — Appeal from an order of the county court of Columbia county, denying a motion for an order transferring the case to the law calendar of that court and that it be heard on the justice's return without a new trial therein. The action was commenced in justice's court where judgment was rendered in favor of the plaintiffs for thirty-five dollars, with nine dollars and twelve cents costs, in all forty-four dollars and twelve cents. The action was in trespass (or trover) for taking and converting a cow, and damages were claimed in the sum of fifty dollars. The defendant answered by general denial; also set up property in himself, demanded judgment for the dismissal of the complaint and for seventy-

five dollars damages with costs of suit. Such were the pleadings. The defendant in his notice of appeal to the county court demanded a new trial in that court. The justice made full return of the proceedings before him with the evidence given on the trial, from which it appeared that but one witness was sworn. The defendant offered no proof in his own behalf, save, perhaps, what came in on the cross-examination of the plaintiffs' witness. The justice's return having been filed the plaintiffs moved thereon for an order as above stated, which motion was denied. We are of the opinion that no change has been made by the Code of Civil Procedure in the law applicable to the question here presented. The provisions of the present Code are substantially and in effect the same as those contained in the former Code. There is a trifling change in the language, none however, as we think, which can be deemed to make a change in the practice to be observed in cases of appeals to the county courts from judgments rendered by justices of the peace. The decisions therefore, under the former Code, on the question here presented, are of controlling significance. This being so the question is hardly an open one. This case is like *Johnson* agt. *Dow* (*reported in Albany Law Journal, vol. 2, p.* 228), on the point material to its decision. The purport of that decision is to the effect that it is not in every case where the defendant in his answer demands judgment in his favor exceeding fifty dollars, that he, as appellant, may demand and have a new trial in the appellate court, but only in those cases where from the nature of the action and the condition of the pleading it can be seen that the demand has some basis in fact or law in its support. To the same effect is the decision in *Houghton* agt. *Kenyon* (38 *How.,* 107), a county court decision, but cited with approval in *Dunnison* agt. *Trimmer* (27 Hun, 393), a case decided in this court at general term. Reference should also be had to *Mattison* agt. *Hall* (64 *How.,* 515), as bearing on the case in hand. The import of the cases cited is to the effect that an improper

Harvey agt. Van Dyke.

pleading cannot be made the basis of a demand for a new trial in the county court under the provisions of the Code applicable to appeals from judgments rendered by justices of the peace. We are not prepared to overrule those cases. Recognize them as authoritative, and the motion below should have been granted.

It is urged that the order made in this case is not applicable, inasmuch as the motion was out of place and unnecessary. That the ruling sought for was properly attainable when the case should be regularly reached on the calendar, under a notice of argument. The precedent is against this position (*See Houghton* agt. *Kenyon, and Johnson* agt. *Dow, above cited*). It would seem also to be proper and right with a view to the saving of expense in preparing for trial, if no trial could be had, that the question should be settled in advance. The course of practice adopted in the cases last cited we think commendable. As regards the costs of the motion, probably none would be allowed by the county court in case it was not opposed. If opposed, the prevailing party should in general have costs.

Order appealed from reversed, with ten dollars costs and expenses for printing, and motion granted, with ten dollars costs of motion.

LEARNED, *P. J.* (*dissenting*).— I think the appeal should be dismissed. Plaintiff moved, first, to deny a new trial; second, to transfer the cause to a law calendar; third, that the appeal be argued on the return. The county court denied motion. As to the second, we have nothing to do with the calendar. As to the first, the court only refused to deny a new trial. As to the third, the court refused the motion that the appeal be argued on the return. All of this is merely preliminary. The question presented will properly come up when the defendant attempts to try the case with new evidence. The county court was not obliged to decide the matter beforehand, and properly refused to decide. Plaintiffs

can move the appeal when reached, and then the court will act. This motion is only asking the county court what it proposes to do at some future time.

BOARDMAN, *J.*— I concur in brother Bockes' opinion. It was proper to determine in advance whether the appeal was to be tried on a question of fact or one of law. The county court had jurisdiction to determine that question, and it could do it as well on special motion as at opening of trial. The practice of plaintiffs was the best.