WILLIAM MOORE, Respondent, v. DAVID TRIMMER, Appellant.

*N. Y. Supreme Court, Fifth Department, General Term, April* 12, 1889.

*County Court. New Trial.*—An improper or sham pleading before a justice of the peace, cannot be made the basis of a demand for a new trial in the appellate court.

2. *Same. Further return.*—The county court, knowing that the evidence which will be attempted to be given of a pretended counterclaim, which was made the basis of a demand for a new trial, will be necessarily excluded, is not compelled to await such a denouement, but has clearly the power to order a further return by the justice presenting all of the facts disclosed before him, so that the appeal can be determined upon questions of law alone.

Appeal from a county court order, striking the cause off of the trial calendar, and directing it to be heard on questions of law only, and requiring the justice of the peace to file an amended return containing all the evidence taken on the trial before him.

*Turk & Barnum*, for appellant.

*W. Martin Jones*, for respondent.

MACOMBER, J.—The action was brought before a justice of the peace, in the town of Parma, to recover the statutory penalty of fifty dollars for the violation of the excise law.

Among the defenses set up by the defendant was a

counterclaim, setting forth an alleged contract with the plaintiff to the effect that the plaintiff, as overseer of the poor, was, and still is, justly indebted to the defendant in the sum of $100, for moneys advanced by the defendant to the plaintiff, as overseer of the poor, on an agreement that the same was to be refunded to the defendant, if at any time any action should be brought against the defendant by the plaintiff to recover a penalty for selling liquor contrary to law.

By reason of this allegation in the answer, though no evidence to support the same was given before the justice of the peace, and a judgment was accordingly given against the defendant for the penalty and costs, it is claimed that the defendant is entitled to a new trial in the county court, with a jury, under section 3068 of the Code of Civil Procedure, which provides that when an issue of fact or an issue of law is joined before the justice, and the sum for which judgment is demanded by either party exceeds fifty dollars, a new trial shall be had in the county court if asked for.

If the answer of the defendant before the justice of the peace was proper and serious, and not manifestly a sham, the contention of the counsel for the appellant would prevail. An improper or sham pleading before a justice of the peace cannot be made the basis of a demand for a new trial in the appellate court. It is evident, that if this case had come up for trial in the county court with a jury, the evidence attempted to be given of this pretended counterclaim would have been necessarily excluded for the reason that it does not come within section 501 of the Code of Civil Procedure. Denniston *v.* Trimmer, 27 Hun, 393.

The county judge, knowing that this would be the inevitable result of a new trial of the case, was not compelled to await such a denouement, but had clearly the power to order a further return by the justice presenting all of the

facts disclosed before him, so that the appeal could be determined upon questions of law alone.

The order of the county court should be affirmed, with ten dollars costs in each case and disbursements in one.

All concur.