FREDERICK A. ADAMS, Respondent, v. URIAH LOOMIS *et al.*,
Appellants.

*Supreme Court, Fourth Department, General Term, December 7, 1889.*

1. *Pleadings.    Counterclaim.*—In an action for the conversion of personal
   property included in the demise, damages for the breach of an agree-
   ment to work a farm on shares cannot be counterclaimed.
2. *Jurisdiction.    Justice's court.*—A counterclaim for over $1,000 cannot
   be tried in justice's court, or, on appeal, in county court.
3. *Conversion.    Demand.*—No demand is necessary in case of a wrongful
   taking.

Appeal from a judgment in Chenango county court, en-
tered upon a verdict of $22.25 in favor of plaintiff, and
from an order denying a motion on the minutes for a new
trial.

The action was commenced in justice's court on January
7, 1885. The plaintiff, in his complaint, alleged that on the
22d December, 1884, he was the owner and in legal posses-
sion of a quantity of hay, oats and corn of the value of $57.75,
which defendants then wrongfully took and converted to
their own use.

The defendants put in a general denial, and also alleged
that the defendants and plaintiff were tenants in common
of the property, and that defendants were equally with
plaintiff entitled to the possession and control. They also
alleged, as matter of offset and counterclaim, damages to the
amount of $1,200 for the non-performance by plaintiff of the
terms and conditions of a lease given by defendants to plaint-
iff, under which the property in the complaint was produced,
and they demanded judgment for $1,200.

The plaintiff recovered before the justice a verdict for
$8.80, and the defendants appealed to the county court for
a new trial.

*John W. Church,* for appellants.

*George W. Ray,* for respondent.

MERWIN, J.—Upon the trial of this case it appeared that on the 5th April, 1884, the defendants leased to the plaintiff, for a term commencing April 7, 1884, and ending 26th February, 1885, their farm, together with sixteen cows and dairy utensils.

The plaintiff was to furnish two more cows. The hay that was raised was to be fed out on the farm and what hay was on the farm at the end of the lease was to be the property of the defendants. Each was to have one-half of all the crops, the oats to be divided at the end of the lease. There was a further provision that the hay and grain raised on the farm should be fed to the stock named, including one team.

The plaintiff took possession and among other things raised the hay, oats and corn in question. On the 21st December, 1884, the barn on the premises was burned, resulting in the destruction of thirteen of defendant's cows and twenty-five to thirty tons of hay. The next day the defendants went to the premises and took away their other three cows and the hay, oats and corn in question, being all that was left on the farm of the hay and grain that was raised.

It is claimed by the defendants that the parties were, under the lease, tenants in common of the hay, oats and corn, and that the defendants having obtained quiet and peaceable possession and no demand being afterwards made, the plaintiff cannot maintain an action for conversion. The circumstances under which the defendants took possession were somewhat controverted and the court below in substance left it to the jury to say whether the defendants took the property without plaintiff's consent and with the intention of converting it to their own use, under a claim of right, in defiance of plaintiff's rights and interests. The verdict in

effect affirmed this proposition and the evidence is sufficient to sustain the verdict. This proposition was as favorable to defendants as they had any right to ask.

Under the lease the plaintiff was entitled to the possession until the termination of the term. The oats were not to be divided until then. The hay and grain was all to be fed out on the place if necessary, for the purpose of there keeping the stock. The plaintiff had a right to have it remain there and in his possession. The occurrence of the fire did not terminate the lease and it was not so alleged. The taking away by defendants of their remaining cows was voluntary on their part. The plaintiff had two cows and a team that he had a right to feed there on the farm from the hay and grain that was left and which defendants took.

The defendants, therefore, in taking this property from the plaintiff without his consent, took it wrongfully, and no demand was necessary to be afterwards made by plaintiff upon defendants in order to perfect his right of action.

The court below charged that the plaintiff, if he recovered at all, was entitled to recover one-half the value. This ruling is criticized in view of the fact that under the lease whatever hay was left at the end of the term belonged absolutely to defendants. The defendants in their answer make no such claim but do allege a tenancy in common of all the property. It is now rather late to change the position. Still I do not regard this of much importance. For, upon evidence presented by the defendants, it is very apparent that the use which the plaintiff was entitled to have of the hay for the feeding of his cows and team would have consumed much more than the half, the value of which he recovered.

So that, if the recovery had been limited to the beneficial use the plaintiff was entitled to have, the recovery would not have been as favorable to defendants.

The charge of the court, therefore, on this subject if not correct did not injure the defendants.

The defendants further claim that the court below erred

in excluding the evidence offered by them on the subject of their counterclaim. To this it was answered that neither the justice or the county court had any jurisdiction to try the cause of action set up as a counterclaim, by reason of the amount of the judgment demanded being $1,200, Code, §§ 2862, 340, and that therefore it was not available as a counterclaim, Code, § 2945; also that as this action was commenced before the termination of the lease, the counterclaim was not then due; also that it is not connected with the subject of the action. Code, § 501, subd. 1.

Considering the subject of the action as the hay and grain which the defendants converted, the counterclaim has nothing to do with that. Assuming plaintiff had not performed all the conditions of the lease, that gave the defendants no right to indemnify themselves by wrongfully taking what was left of the hay and grain. The lease provided security to the defendants in a reservation of a portion of the proceeds of the dairy.

The case which the defendants seem to most rely on is Carpenter *v*. Manhattan Life Ins. Co., 93 N. Y. 552. There the subject of the action was wood that defendant had wrongfully taken, and the counterclaim was for damages sustained by defendant in the wrongful impairment by plaintiff of the mortgage security of the defendant by the severance of the same wood from the land covered by the mortgage. That does not apply here. There the plaintiff was taking advantage of his own wrong. Here it is the defendant that seeks such advantage.

The court did not, I think, err in excluding evidence as to the counterclaim. Some other questions are raised but they do not call for any special discussion. No error is disclosed that would call for a reversal.

Judgment and order affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concur.

NOTE ON " COUNTERCLAIM IN TORT IN ACTIONS ON CONTRACT AND IN CONTRACT IN ACTIONS IN TORT."

A counterclaim must tend to diminish or defeat the plaintiff's recovery. City of Schenectady *v*. Furman, 61 Hun, 171.

When counterclaim in tort will not be allowed in action on contract. Meeks *v*. Berry, 51 Hun, 640.

The defendant, in an action upon promissory notes, may counterclaim a conversion of a land contract deposited with the plaintiff as collateral security for the notes. Weston *v*. Turner, 49 Hun, 605.

In an action upon a bond of indemnity against the expenses of defending a certain claim, it was held in Thomson *v*. Sanders, 118 N. Y. 252, that a claim by the defendant for damages, for deceit on the part of the plaintiff in inducing the agreement, as a part of which the bond was executed, arose out of the transaction referred to in the complaint and was available as a counterclaim.

In an action upon a promissory note, damages for the conversion by the holder of property pledged to him as security for the payment of the note may be properly pleaded as a counterclaim. Cass *v*. Higenbotam, 100 N. Y. 248.

A counterclaim in an action for taking plaintiff's notes and receiving the money thereon, where the plaintiff is insane and the act done in good faith for her benefit, is proper for services rendered in collecting the note, notwithstanding the action is in tort. Birch *v*. Hall, 50 Hun, 602.

A cause of action for false and fraudulent representations and warranty on the sale of personal property can be pleaded as a counterclaim to an action brought upon a check given in payment for such personal property. Farrell *v*. Krone, 24 W. Dig. 89.

In an action on a contract, a claim, the ground of which is conversion, cannot be set up by the defendant as a counterclaim, where the tort is not waived. Smith *v*. Purdy, N. Y. Daily Reg., Jan. 19, 1884.

A defrauded party may waive a tort, or interpose a counterclaim based upon an implied contract against any one of several wrongdoers. City Nat. Bank *v*. Nat. Park Bank, 32 Hun, 105.

The lessors of a farm on shares, sued by the tenant for a conversion of personal property included in the demise, cannot counterclaim for the tenant's breach of the condition of the lease, as it is not connected with the subject of the action. Adams *v*. Loomis, 54 Hun, 638.

So, the defendant, in a vendor's action to recover a balance of the purchase money of land retained pending the performance of certain stipulation may set up as a counterclaim that he was induced to enter into the agreement, under which the money was withheld, by false representations on the part of the plaintiff, to the effect that the stipulation in the original agreement not referred to in the new agreement had been fully performed. Disbrow *v*. Harris, 122 N. Y. 362.

Note on " Counterclaim in Tort in Actions on Contract."

The fact that the wood grew on lands mortgaged to defendant, and that the plaintiff was a junior mortgagee in possession and knew that the lands were an insufficient security for the payment of defendant's mortgage, and that the mortgagor was insolvent and committed waste by cutting the wood, with intent to defraud defendant and impair his security, may be pleaded as a counterclaim in an action for the conversion of the wood, as it is connected with the subject of the action. Carpenter *v.* Manhattan L. Ins. Co., 93 N. Y. 552.

In an action brought to restrain defendants from excavating the channel of a river and diverting the waters from the plaintiff's mills, to his damage, a claim of defendants that they were the owners of a right to use more of the waters of such stream than was then flowing through the channel by reason of a wrongful construction in the bed of the river by plaintiff's grantor, and that the excavation which they were about to make was proper to restore to each of the parties his proper share of water, and demanded that such diversion shall cease and the proper right of the parties be restored, can be properly pleaded as a counterclaim. Grange *v.* Gilbert, 44 Hun, 9.

But it is otherwise as to a claim alleging that the plaintiff wrongfully stored and threatened to continue to store logs in the bed of the river, which in seasons of low water obstructed the natural flow of the water into defendant's canal, by reason of which the defendants asked an injunction, etc. Id.

A claim for landlord's affixing notice " to let" on premises is not a counterclaim in an action for rent. Thorp *v.* Thilbin, 15 Daly, 155.

In an action for malicious prosecution, a claim for damages resulting from deceit, because of which the prosecution was instituted, is not a valid counterclaim. Rothschild *v.* Whitman, 57 Hun, 135.

In action for wrongful arrest, a judgment, recovered in action in which plaintiff was arrested, is not a proper counterclaim. Ferris *v.* Armstrong Mfg. Co. ; Ferris *v.* N. H. W. Co., 57 Hun, 592.

See further, on this subject, note in 3 Silvernail (Ct. of App.), 163.