(18 App. Div. 565.)

# HALL v. WERNEY.

(Supreme Court, Appellate Division, Fourth Department.   June 12, 1897.)

1. APPEAL FROM JUSTICE'S COURT—TRIAL DE NOVO—WHEN ALLOWABLE.

When plaintiff's claim is insufficient for purposes of a new trial, an improper counterclaim cannot be made the basis of one in the county court, under Code Civ. Proc. § 3068, providing that when an issue of fact or of law was joined before the justice, "and the sum for which judgment was demanded by either party in the pleadings exceeds fifty dollars," appellant may demand a new trial in the appellate court.

2. COUNTERCLAIM—WHAT CONSTITUTES.

In an action for trespass on and injury to plaintiff's land, defendant alleged his right to use the premises as a highway, and claimed damages for its obstruction by plaintiff.   *Held* not a valid counterclaim, since it did not arise out of the same transaction, and was not connected with the "subject of the action," as required by Code Civ. Proc. § 501.

Appeal from trial term, Jefferson county.

Action commenced in justice's court by Emerson Hall against Peter Werney.   On plaintiff's appeal to the county court, he demanded a new trial, and, from an order denying defendant's motion to strike the cause from the calendar, said defendant appeals.   Reversed.

In May, 1896, the plaintiff brought an action against the defendant in a justice's court in Jefferson county to recover damages for an alleged trespass by the defendant upon the plaintiff's lands in entering upon the same with horses and wagons, and destroying plaintiff's crop, and injuring his land, and the complainant demanded judgment for $45 and costs.   The defendant answered, in effect, that he had the right to use the premises in question as a highway; that the plaintiff had interfered with that right, and had obstructed the highway, to defendant's damage of $100, for which he demanded judgment, with costs.   The case was tried by a jury in the justice's court, and the verdict was rendered for the defendant, and judgment was entered in that court against the plaintiff for costs, from which the plaintiff appealed to the county court, and in his notice of appeal demanded a new trial of the action.   Subsequently, and at a trial term of the county court, the defendant's counsel moved to strike the cause from the trial calendar of the county court, because the case was not a proper one for a new trial in the county court.   The plaintiff's counsel opposed this motion, and the motion was denied by the court, and from the order denying it the defendant appeals to this court.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John C. Trolan, for appellant.

Elon R. Brown, for respondent.

WARD, J.   Section 3068 of the Code of Civil Procedure provides that:

"Where an issue of fact or an issue of law was joined before the justice, and the sum for which judgment was demanded by either party in his pleadings exceeds fifty dollars, * * * the appellant may in his notice of appeal * * * demand a new trial in the appellate court, and thereupon he is entitled thereto whether the defendant was or was not present at the trial."

The motion in the county court to strike the cause from the calendar was upon the ground that the case was not a proper one for a new trial, and to have the appeal declared to be on questions of law only.   The amount claimed in the complaint was not sufficient to

46 N.Y.S.—3

entitle the parties to a new trial. The plaintiff bases his contention that he is entitled to a new trial upon the defendant's answer in the justice's court. Whether that contention can be maintained depends upon the question whether the defendant's answer alleges a counterclaim to the plaintiff's complaint, upon which the defendant may be entitled to judgment. The defendant is not permitted to allege any defense, and conclude with a demand for judgment, so as to form the basis for a new trial, under the section of the Code cited, but the answer must contain a counterclaim as against the cause of action set forth in the complaint. An improper pleading cannot be made the basis of a demand for a new trial in the county court under the provisions of the Code applicable to appeals from judgments rendered by justices of the peace, and, if an appeal is taken for a new trial based upon such improper pleadings, the county court may refuse a new trial, and send the case to the law calendar, to be heard simply as a question of law. Harvey v. Van Dyke, 66 How. Prac. 396; Moore v. Trimmer (Sup.) 6 N. Y. Supp. 430; Hinkley v. Railroad Co., 42 Hun, 281; Denniston v. Trimmer, 27 Hun, 393; Houghton v. Kenyon, 38 How. Prac. 107, approved by the general term of the Fourth department in Castorine Co. v. Thomas, 92 Hun, 2, 37 N. Y. Supp. 913.

By section 501 of the Code of Civil Procedure, which gives the definition of a counterclaim, the counterclaim must tend in some way to diminish or defeat the plaintiff's recovery, and, except in actions on contract, it must be a cause of action arising out of the transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action. An examination of the pleadings in this case discloses an attempt on the part of the defendant to counterclaim one trespass or wrong against another. The plaintiff's cause of action is for the destruction of his crops and grass, and the injury to his land. The defendant's cause of action arises from the wrongful acts of the plaintiff in obstructing a highway. It is immaterial that the trespasses were committed upon the same premises. The trespasses were distinct and independent, and one does not constitute a counterclaim as against the other. Lehmair v. Griswold, 40 N. Y. Super. Ct. 100; Chamboret v. Cagney, 2 Sweeney, 378–385; Barhyte v. Hughes, 33 Barb. 320; Green v. Parsons, 27 N. Y. Wkly. Dig. 544, also reported 14 N. Y. St. Rep. 97; Smith v. Hall, 67 N. Y. 48; People v. Dennison, 84 N. Y. 272; Rothschild v. Whitman, 132 N. Y. 472, 30 N. E. 858; Adams v. Loomis (Sup.) 8 N. Y. Supp. 17. In Green v. Parsons, supra, it was held that it must be alleged that the matters set out in the counterclaim arise out of the transaction which is the foundation of the plaintiff's claim, or that it is connected with the subject of it, or the answer would be insufficient on demurrer. This allegation is wanting in the answer before us. The words "subject of the action" mean the facts constituting the plaintiff's cause of action. Chamboret v. Cagney, and Lehmair v. Griswold, supra, approved in Rothschild v. Whitman, 132 N. Y. 472–476, 30 N. E. 858. The obstruction of the highway by the plaintiff cannot be said to have arisen out of the subject of the plaintiff's action, which was the destruction of the plaintiff's crops, and the injury to his land.

The appellant's counsel makes a point that, inasmuch as the respondent (the defendant) interposed what he claimed to be a counterclaim in the justice's court, he could not be heard in the county court to claim that it was otherwise. The jurisdiction of the county court as to whether a new trial should be had depended upon the fact whether the defendant in the justice's court had properly alleged a proper counterclaim to the plaintiff's cause of action. The court was bound to pass upon that question of jurisdiction whenever it was presented to it by a party to the action, and the county court should have refused a new trial, and granted the motion to strike the cause from the calendar.

The order of the county court should be reversed, with $10 costs and disbursements. All concur.