OSCAR HAGIN, by GEORGE D. HAGIN, his Guardian ad Litem, Respondent, *v.* CAYUGA LAKE CEMENT COMPANY, Appellant.

*A counterclaim for damages, resulting from the plaintiff's failure to properly care for boilers, under his charge as the employee of the defendant, is based on contract.*

Where the sole relation between two parties is contractual in its nature, a breach of the contract does not usually create a liability as for negligence. In such a case the liability of one of the parties to the other because of negligence is based either on the breach of some duty which is implied as the result of entering into the contractual relation or from the improper manner of doing some act which the contract provided for; but the mere violation of a contract, where there is no general duty, is not the subject of an action of tort.

An answer, interposed in an action to recover for services rendered by the plaintiff to the defendant, alleged as a counterclaim the employment of the plaintiff by the defendant as a night watchman; that "by the terms of the plaintiff's agreement with the defendant, the plaintiff was to remain awake during the night and attend to such duties as should become necessary during the hours of his employment, one of which duties was to care for the boilers of the defendant and to observe the condition of the fires in said boilers, and the amount of steam pressure upon the same during the period of the plaintiff's watch; that the plaintiff became negligent, careless, reckless and disobedient to the terms and conditions of his employment, and did, instead of watching and remaining awake during the night, go to sleep and permit the fires in the said boilers to heat the water and generate steam to such an extent that the said boilers became super-heated; that the water formed steam which escaped and congealed, and the water became low in said boiler by reason of said negligence and carelessness, and that the defendant's boiler suffered great injury thereby."

*Held,* that the cause of action embraced in the counterclaim was a cause of action upon contract and not in tort.

APPEAL by the defendant, the Cayuga Lake Cement Company, from an order of the County Court of Tompkins county, entered in the office of the clerk of the county of Tompkins on the 15th day of March, 1904, striking out a counterclaim from the defendant's

answer and transferring the cause from the trial calendar to the law calendar of the Tompkins County Court.

This action was commenced in Justice's Court. The complaint alleged: "That within the past three months the plaintiff performed services for the defendant at its cement works in the town of Lansing, Tompkins County, New York, at the agreed price of, and of the value of, $12.05, no part of which has been paid, all of which became due for* the commencement of this action."

The defendant by its answer denied the allegations of the complaint. It alleged payment and as a counterclaim it further alleged: "That the plaintiff herein was employed by the defendant as a night watch at defendant's cement plant. * * * That by the terms of the plaintiff's agreement with the defendant, the plaintiff was to remain awake during the night and attend to such duties as should become necessary during the hours of his employment, one of which duties was to care for the boilers of the defendant and to observe the condition of the fires in said boilers, and the amount of steam pressure upon the same during the period of the plaintiff's watch; that the plaintiff became negligent, careless, reckless and disobedient to the terms and conditions of his employment, and did, instead of watching and remaining awake during the night, go to sleep and permit the fires in the said boilers to heat the water and generate steam to such an extent that the said boilers became super-heated; that the water formed steam which escaped and congealed, and the water became low in said boiler by reason of said negligence and carelessness, and that the defendant's boiler suffered great injury thereby" and that it became necessary for defendant to remove the fire from the furnace, etc., to its great damage, which amounted to $150.

After a trial, judgment was rendered in favor of the plaintiff against the defendant for ten dollars and forty cents damages besides costs. The defendant then appealed to the County Court of the county of Tompkins and demanded a new trial in the appellate court. Thereafter, at a Trial Term of said County Court, on the plaintiff's motion, an order was made striking out the defendant's said counterclaim and transferring the case from the trial

---

* *Sic.*

calendar of said Tompkins County Court to the law calendar thereof, to be heard by said court as if an appeal had been taken from the judgment without demanding a new trial in the appellate court. From the order so entered this appeal is taken.

*Myron N. Tompkins* and *A. S. Robinson,* for the appellant.

*James L. Baker* and *Bert T. Baker,* for the respondent.

CHASE, J. :

The respondent calls our attention to the following cases : *Hall* v. *Werney* (18 App. Div. 565) ; *Baum's Castorine Co.* v. *Thomas* (92 Hun, 1) ; *Hinkley* v. *Troy & Albia R. R. Co.* (42 id. 281) ; *Denniston* v. *Trimmer* (27 id. 393) ; *Harvey* v. *Van Dyke* (66 How. Pr. 396) ; *Houghton* v. *Kenyon* (38 id. 107) ; *Moore* v. *Trimmer* (6 N. Y. Supp. 430), and contends that they are authority for the order made herein. The foundation for such contention rests upon the assertion that the defendant's counterclaim is not one that can be considered in this action.

Section 2945 of the Code of Civil Procedure provides : " Sections 501 and 502 of this act apply to a counterclaim in an action brought in a justice's court." The counterclaim in this action can be " a cause of action arising out of the contract or transaction set forth in the complaint," or any " cause of action on contract existing at the commencement of the action." (Code Civ. Proc. § 501.)

The plaintiff insists that the counterclaim is a cause of action in tort, and the defendant insists that the counterclaim is a cause of action on contract, and that it also refers to the same contract or transaction set forth in the complaint.

Where the sole relation between two parties is contractual in its nature, a breach of the contract does not usually create a liability as for negligence. In such a case the liability of one of the parties to the other because of negligence is based either on the breach of some duty which is implied as the result of entering into the contractual relation or from the improper manner of doing some act which the contract provided for ; but the mere violation of a contract, where there is no general duty, is not the subject of an action of tort. (*Schick* v. *Fleischhauer,* 26 App. Div. 210 ; *Boden* v. *Scholtz,* 101 id. 1.)

The allegations of the counterclaim do not relate to the breach of any general duty of the plaintiff to the defendant. The plaintiff's duty and obligation to remain awake and care for defendant's boilers and observe the condition of the fires and the amount of steam pressure existed by reason of his having entered into a contract therefor. Apart from the contract plaintiff is not liable for sleeping and mere failure to perform a service for the defendant. The counterclaim alleges the contract, a breach thereof, and damages resulting therefrom and in whatever way it is viewed the basis of the action is the contract and there is not an allegation therein asserting a breach of any public or general duty.

In *Ward* v. *St. Vincent's Hospital* (39 App. Div. 624), where it was claimed by the plaintiff that an employee of the defendant negligently put a rubber bag filled with very hot water next to her person when she was a patient at said hospital and under the influence of ether, and also negligently allowed the same to remain so next to her person until she was seriously injured thereby, the court held that the action was brought to recover for a claimed breach of an express contract whereby the defendant promised to furnish for the use of the plaintiff a skilled, competent and trained nurse, and that the action was on contract and not an action for a tort. In the case now under consideration even the apparent breach of duty apart from the contractual relation which led the court on the first trial of *Ward* v. *St. Vincent's Hospital* (23 Misc. Rep. 91) to hold that the action was one sounding in tort, does not exist. The counterclaim is one for breach of contract, and the learned County Court was in error in holding that the counterclaim was for a tort.

The order should be reversed, with ten dollars costs and disbursements.

All concurred.

Order reversed, with ten dollars costs and disbursements.