SMITH v. RENSSELAERVILLE CREAMERY ·CO. et al.

(Supreme Court, Appellate ·Division, Third Department.    March 10, 1909.)

1. JUSTICES OF THE PEACE (§ 93\*)—COUNTERCLAIM—SUFFICIENCY.
>   Under Code Civ. Proc. §§ 501, 2938, 2945, authorizing a counterclaim arising out of the contract or transaction sued on or connected with the subject of the action, and permitting counterclaims in justices' courts, a counterclaim for goods sold and delivered, interposed in an action in a justice's court for conversion, must show that it arises out of the transaction set forth in the complaint, or is connected with the subject of the action, or it is demurrable, and no evidence is receivable under it.
>
>   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 326; Dec. Dig. § 93.\*]

2. JUSTICES OF THE PEACE (§ 93\*)—PLEADINGS—COUNTERCLAIM—SUFFICIENCY.
>   The rule that a counterclaim in a suit in a justice's court must contain a statement showing that it arises out of the transaction set forth in the complaint, or connecting it with the subject of the action, applies to all counterclaims, whether in tort or on contract, in actions not on contract.
>
>   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 326; Dec. Dig. § 93.\*]

3. JUSTICES OF THE PEACE (§ 171\*)—APPEAL—HEARING ON APPEAL.
>   Under Code Civ. Proc. § 3068, giving appellant a new trial ·in the County Court where the sum for which judgment was demanded by either party exceeds $50, etc., a counterclaim for $60, interposed in an action in a justice's court, which is demurrable and so insufficient as not to authorize the reception of evidence under it, does not give to defendant the right to a new trial in the County Court on appeal.
>
>   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 655; Dec. Dig. § 171.\*]

Appeal from Albany County Court.

Action by Henry Smith against the Rensselaerville Creamery Company and another.    From an order of the County Court, denying a motion to transfer the cause, appealed from a justice's court, from the trial calendar to the law calendar, plaintiff appeals.    Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE and SEWELL, JJ.

Smith O'Brien (Leopold Minkin, of counsel), for appellant.
Arthur Helme, for respondents.

COCHRANE, J.    Plaintiff instituted this action in justice's court for the wrongful and unlawful conversion of $30 in cash, for which amount he demanded judgment in his complaint, and which amount he recovered.    The answer of the defendant was a general denial.    The record discloses the following as having occurred during the course of trial:

"Defendant moves to amend his pleadings and claims to $60—counterclaims for goods sold and delivered to plaintiff."

Strictly speaking, this seems to be only a motion to amend a pleading, and it does not appear that the motion was granted by the justice.    The defendants, however, assuming that they had amended their answer, appealed to the County Court, and in their notice of ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

peal demanded a new trial based on such assumption. The justice returned the evidence taken before him.

Section 3068 of the Code of Civil Procedure permits an appellant a new trial in the County Court where "the sum for which judgment was demanded by either party in his pleading exceeds $50," and the appellant in his notice of appeal has demanded such new trial. Plaintiff contends that this counterclaim is not such a pleading as gives to the defendants the right to a new trial in the County Court, and by motion sought to have the cause transferred to the law calendar of that court, so that it might be disposed of on questions of law only. That motion was denied by the County Court, and plaintiff appeals.

The question is no longer an open one, and plaintiff is clearly right in his contention. In Hall v. Werney, 18 App. Div. 565, 46 N. Y. Supp. 33, it was said that:

"An improper pleading cannot be made the basis of a demand for a new trial in the County Court under the provisions of the Code applicable to appeals from judgments rendered by justices of the peace, and if an appeal is taken for a new trial based upon such improper pleadings the County Court may refuse a new trial and send the case to the law calendar to be heard simply as a question of law."

And numerous cases are there cited holding the same proposition. The complaint here is for conversion. The counterclaim, assuming it to be such, is for goods sold and delivered. Without a statement or allegation showing that it arises out of the transaction set forth in the complaint, or connecting it with the subject of the action, it is clearly demurrable, and no evidence can be received thereunder. Code Civ. Proc., §§ 501, 2938, 2945. This rule applies to all counterclaims, whether in tort or on contract, in actions not on contract. In Hall v. Werney, supra, the court cited with approval Green v. Parsons, 14 N. Y. St. Rep. 97, saying of that case:

"It was held that it must be alleged that the matters set out in the counterclaim arise out of the transaction which is the foundation of the plaintiff's claim, or that it is connected with the subject of it, or the answer would be insufficient on demurrer. This allegation is wanting in the answer before us. The words 'subject of the action' mean the facts constituting the plaintiff's cause of action."

In Hinkley v. Troy & Albia Railroad Company, 42 Hun, 281, an improper counterclaim was sought to be made the basis of a new trial in the County Court. But the court said:

"The complaint admitted of no counterclaim, especially not a counterclaim in tort; certainly not unless the alleged counterclaim arose out of, or was connected with, the transaction set forth in the complaint as the foundation of the plaintiff's claim. Code Civ. Proc. §§ 501, 502, 2945. But the defendant's counterclaim was not so pleaded. The fact was not so, as stated, non constat, but that the alleged counterclaim grew out of another and distinct transaction from that counted on in the complaint. Indeed, it is so pleaded, and might be sustained by proof of an entirely different occurrence. To make it admissible in any possible view of the subject as a counterclaim in this action, the fact should have been averred that it grew out of, or was connected with, the transaction set forth in the complaint as the foundation of the plaintiff's claim. The counterclaim, then, being inadmissible as a pleading in the case, could not be made the basis of a demand for a new trial in the appellate court. Harvey v. Van Dyke, 66 How. Prac. 396, and cases there cited."

It has been held that when the counterclaim is sufficient and proper upon its face, although it may be false in fact and pleaded for the mere purpose of obtaining a new trial on appeal, it is nevertheless sufficient for that purpose. But that rule has no application where the counterclaim is demurrable, or when evidence could not be received thereunder. Such a case was Baum's Castorine Company v. Thomas, 92 Hun, 1, 37 N. Y. Supp. 913, where the distinction was pointed out; the court saying:

"It has been held that when the counterclaim is clearly demurrable, as in Denniston v. Trimmer, 27 Hun, 393, and in Moore v. Trimmer, 52 Hun, 612, 6 N. Y. Supp. 430, or when the action is such that a counterclaim is not permitted in it, as in Harvey v. Van Dyke, 66 How. Prac. 396, and in Hinkley v. Troy & Albia R. R. Co., 42 Hun, 282, it does not warrant a new trial in the County Court, and that a motion to transfer the case from the trial calendar is proper practice, and should be granted."

In the present case the counterclaim is clearly insufficient for any purpose. It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.