MALOY et al. v. BANNON. (No. 231/28.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. JUSTICES OF THE PEACE ☞159—APPEAL—UNDERTAKING—LATE SERVICE—
RELIEF.

Under Code Civ. Proc. § 3049, providing that if one seasonably serves notice of appeal from a justice of the peace, but fails to properly serve papers to perfect the appeal, the court appealed to may, on proof of the facts, permit the omission to be supplied, even if, under section 3069, in view of section 3050, to render effectual an appeal for a new trial from a justice, under section 3068, not only should the undertaking to stay execution be served on the justice, but a copy thereof be served on respondent's attorney at the time of the service of the notice of appeal, relief from failure to seasonably serve the copy on the attorney may be had, not merely on a direct motion therefor by appellant, but on respondent's motion to dismiss the appeal because of such service being late.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550–578; Dec. Dig. ☞159.]

2. JUSTICES OF THE PEACE ☞171—APPEAL—NEW TRIAL—COUNTERCLAIM.

Under Code Civ. Proc. § 3068, giving a right to new trial on an appeal from a justice of the peace, where the sum demanded by either party in his pleading exceeds $50, a counterclaim not stating a cause of action, but demurrable as wholly insufficient, and on which no evidence can be presented, will not authorize such a new trial.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 655–657; Dec. Dig. ☞171.]

3. FRAUDS, STATUTE OF ☞139—RIGHTS ON PART PERFORMANCE—RECOVERY OF
PAYMENTS.

That one was under no liability, because of the statute of frauds, not being complied with, to pay the debt of another, gives him no right, having paid it, to recover the money paid.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 334–341; Dec. Dig. ☞139.]

4. PAYMENT ☞89—RECOVERY—MISTAKE—PLEADING.

A pleading to recover money paid, alleging it was paid under a mutual misunderstanding of the parties, is insufficient; this not being equivalent to an allegation of payment under a mistake of fact.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 291–296; Dec. Dig. ☞89.]

Appeal from Warren County Court.

Action by Thomas H. Maloy and another against William A. Bannon. From an order of the County Court, denying plaintiff's motion to dismiss defendant's appeal from a justice of the peace, or to transfer the appeal from the new trial calendar to the law calendar, plaintiffs appeal. Affirmed as to motion to dismiss, and reversed as to motion to transfer.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

A. C. Taylor, of Glens Falls, for appellants.
Beecher S. Clother, of Glens Falls, for respondent.

SMITH, P. J. [1] Two questions are raised upon this appeal. The undertaking given to perfect the appeal was not served upon the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

respondent's attorney at the time of the service of the notice of appeal. It is claimed, therefore, the appeal has not been perfected. It seems to be provided by section 3068 of the Code of Civil Procedure that an appeal may be taken for a new trial, where the value of the property claimed, either in the complaint or in a counterclaim, exceeds $50. By section 3069 of the Code it is provided that, to render such an appeal effectual, the appellant must, at the time of the service of the notice of appeal upon the justice, give the undertaking required by this title to stay the execution of the judgment. By section 3050 that undertaking is prescribed, and it is required that a copy of the undertaking, with a notice of the delivery thereof, must be served with the notice of appeal in like manner. Whether, in order to render the appeal effectual, anything more is necessary than the service of the copy of the undertaking, or rather of the undertaking itself, upon the justice, it is unnecessary here to decide. By section 3049 it is provided that, if a failure is made to properly serve the papers in order to perfect the appeal, the court may upon proof of the facts permit the omission to be supplied. Therefore upon a direct motion it could have been allowed by the court for the appellant to have served the undertaking upon the respondent's attorney. If such permission could be given upon a direct motion, there is no apparent reason why such permission could not now be given upon this motion to dismiss the appeal, and the same relief given which would be an answer to this motion. In fact, the undertaking was served upon the respondent's attorney, and was returned by him as having been served too late. The motion to dismiss the appeal, therefore, upon the ground that the undertaking was not served with the notice of appeal, was properly denied.

[2] The further question is raised that this appeal may not stand as an appeal for a new trial, but must be placed upon the law calendar as an appeal upon a question of law. In Smith v. Rensselaerville Creamery Co., 131 App. Div. 387, 115 N. Y. Supp. 273, it was held by this court that, unless the counterclaim presented a good cause of action upon its face, it was not such a counterclaim as would authorize a new trial if a greater sum than $50 was demanded therein. In the opinion in that case Judge Cochrane says:

"It has been held that, when the counterclaim is sufficient and proper upon its face, although it may be false in fact and pleaded for the mere purpose of obtaining a new trial on appeal, it is nevertheless sufficient for that purpose. But that rule has no application where the counterclaim is demurrable, or when evidence could not be received thereunder."

It is urged by the respondent that this case, and other cases holding a similar rule, has been applied simply where the counterclaim is improper, as being presented where no counterclaim should be allowed, as, for instance, a counterclaim upon contract in an action in tort. It is true that the cases in which the rule is presented do present this situation. I am unable, however, to see any distinction between that line of cases and any case where the counterclaim is insufficient in itself. If in an action in tort a counterclaim were presented, it would not be proper unless it arose out of the same transaction. Nevertheless, if that allegation be inserted, as is indicated in the cases them-

selves, the counterclaim would be proper, and would be sufficient to authorize an appeal for a new trial if a greater sum be demanded therein than $50. So in the case at bar, unless this counterclaim state a cause of action, that is, if it be demurrable as wholly insufficient, and upon which no evidence can be presented, then it should not be deemed such a counterclaim as will authorize a new trial in the County Court, because a greater sum than $50 is therein demanded.

[3, 4] The remaining question, then, is whether this counterclaim states a cause of action. The complaint is to recover for $182, acknowledging a payment of $150, leaving $32 as the amount due and for which judgment is claimed. The counterclaim is simply to recover back the $150. The only ground for such recovery is stated to be that this $150 was the debt of a third party and was not in writing, and is therefore void and under the statute of frauds. This clearly would give no right to the appellant to recover the $150. There is a further allegation that the said sum of $150 was paid under a mutual misunderstanding between the plaintiff and the defendant. But that is not sufficient. Money must be paid under a mistake of fact in order to be recoverable. There is no allegation here of any mistaken fact, and the allegation of a mutual misunderstanding may refer to a misunderstanding as to the law. It being clear, therefore, that there is no good and sufficient counterclaim alleged, it does not authorize an appeal for a new trial.

The order should be reversed, with costs, and the motion granted placing the appeal upon the law calendar for argument. All concur.