JOHN FITCH, <i>register.</i>

BLATCHFORD, J. I understand the only question certified by the register to be, whether the assignee shall make up out of the general funds of the estate any difference between the net proceeds of the sale of the mortgaged property and the amount stated by the mortgage to be due to the mortgaged creditor. If that be the question certified, I answer it in the negative.

The clerk will certify this decision to the register, John Fitch, Esq.

———— •-•-• ————

# ONEIDA COUNTY COURT.

GEORGE FULLER, respondent agt. JAMES BRIERLEY, appellant.

This court will not try the truth or falsity of pleadings upon affidavits; nor that they were interposed in bad faith, if they appear sufficient upon their face.

Under the law of 1862, if the amount *litigated* before a justice of the peace exceeded the sum of $50, an appeal might be taken and a new trial had in the county court, before a jury.

Under the amendment, in 1865, of the law of 1862, where, before the justice, the *pleadings demand judgment* for an amount exceeding $50, a new trial may be had in the county court. upon appeal thereto; and that, whether the defendant appears upon the trial before the justice or not.

Therefore, a defendant, without any merits, can insert a count in his answer claiming a sum against the plaintiff exceeding $50, and demanding judgment therefor, and abandon the litigation before the justice for any cause his fancy may suggest, and, if judgment goes against him, appeal to the county court.

FULLER brought an action in a justice's court against the
defendant Brierley, for a balance claimed to be due him upon
the sale and delivery of a quantity of wood. The defendant,
answering, put in a general denial, with five other counts,
the fifth of which alleged indebtedness of the plaintiff to
defendant in the sum of $65, and is followed by a demand
for judgment against the plaintiff for that amount. The
cause was tried before the justice, and resulted in a judgment
against the defendant for $11.45 damages and costs; from
which he appeals to this court and demands a new trial
therein. On the trial of the cause before the justice, the
matter set up in the fifth count of defendant's answer was
not litigated; the defendant claiming an entire want of confi-
dence in the impartiality of the justice, virtually abandoned
his defense.

The plaintiff, Fuller, now makes a motion, founded upon
affidavits, to strike out the fifth count of defendant's answer,
on the ground that the same is false in fact, and interposed
in bad faith, for the purpose of obtaining a new trial in this
court, in the event of dissatisfaction with the result of the
trial in the court below; and further asking for an order of
this court declaring and deciding that this is not a proper
case for a new trial in the county court, and that the appeal
therein be heard by argument upon the justice's return.

Affidavits were read on both sides.

E. J. RICHARDSON, *for respondent.*
L. H. BABCOCK, *for appellant.*

JOEL WILLARD, County Judge. This court will not try
the truth or falsity of pleadings upon affidavits, nor that they
were interposed in bad faith, if they appear sufficient upon
their face.

The decision of this motion, then, rests mainly upon the
construction to be put upon the statute providing for new
trials in the county court, on an appeal from a justice's court.

Prior to 1862, the only method of reviewing a judgment rendered by a justice of the peace was by appeal to the county court, and such appeal was heard and decided upon the original papers and proceedings before the justice. No such thing as a new trial in the appellate court then existed.

In 1862 the legislature, by an amendment to the Code of Procedure, provided for new trials before a jury in the county court, in all cases where the amount *litigated* in the court below should exceed the sum of fifty dollars.

It is contended that the amount *litigated* before the justice still has a controlling influence over the right of a party to a new trial.

Under the provision of the law of 1862, it often became necessary for the appellate court first to determine the amount litigated, in order to settle whether it was a case for a new trial or for argument only. To obviate this difficulty, an amendment was passed in 1865, providing that where either party should in his pleadings *demand judgment* for an amount exceeding fifty dollars, a new trial might be had in the county court, upon appeal thereto; and that, whether the defendant appeared upon the trial before the justice or not.

From this it is evident that it was not the intention of the legislature to limit the right of a party to demand and have a new trial in the appellate court to cases where the amount *litigated* exceeded fifty dollars, but that the same accrued as a matter of right upon the simple demand in his pleadings by either party of a judgment exceeding that amount.

Whether or not this amendment was wise, it is hardly competent here to inquire; although it can easily be conceived where the same may work injustice to parties litigating, and also impose upon the appellate court the burden of a new trial in many cases where the same should not be had, as, for instance, in a case where the plaintiff or defendant demanded judgment upon a fictitious or false claim, for

the express purpose of obtaining a new trial in the event of his defeat in the court below.

That clause of the law (§ 360 *Code*) providing for the manner and form of return by the justice, in cases for new trials, does not in any way control the right of the parties to a new trial. It is necessary that the justice make a return to the appellate court, in order that jurisdiction may be acquired over the persons and subject matter in controversy; and it was competent that the legislature should determine the form and substance of such return, without in any way affecting the right of the party to appeal for a new trial, provided he had complied with the law on his part.

The intent of the law maker is to be gathered from the apparent change he makes in the law, as also from the relief sought.

In this instance, the relief sought seems to have been to obviate the necessity of the appellate court to determine the amount litigated, and to found the right to a new trial upon the express wording of the pleadings.

It is urged that a party may under such circumstances easily impose upon the appellate court; may perpetrate a fraud upon it, for the express and only purpose of obtaining a new trial therein, in case of dissatisfaction at the result of the trial before the justice. This proposition is no doubt true, and its practice will by unscrupulous parties and practitioners be in a measure resorted to. It is also urged that the appellate court has the power to protect itself against fraudulent or overreaching practice before it. This will also be conceded in ordinary cases; but I apprehend that this no any other court would be justified in contravening or nulli. fying a positive statute, with a view to prevent a possible o even a probable breach of good faith on the part of attorney who practice in such court. The only remedy suggestin itself for such a state of things is an appeal to the la making power.

For these reasons I am of the opinion that this is a case

where the law providing for new trials in the county court, upon an appeal from a justice's judgment, has been substantially complied with, and that the motion of respondent be denied with five dollars costs, and that a new trial be had in the county court.

Ordered accordingly.