## DETERMINED IN THE

# FOURTH DEPARTMENT

### AT

## GENERAL TERM,

### December, 1895.

BAUM'S CASTORINE COMPANY, Appellant, *v.* FRED. A. THOMAS, Respondent.

*Counterclaim, not a defense — it cannot be stricken out as sham — new trial upon appeal from judgment of a Justice's Court.*

A counterclaim is not a defense, and hence cannot be stricken out as sham under the provisions of section 538 of the Code of Civil Procedure.

When a counterclaim is sufficient and proper upon its face, although it may be in fact false and be pleaded for the mere purpose of obtaining a new trial in the County Court upon an appeal from a judgment rendered by a justice of the peace, that question will not be tried upon affidavits in the County Court.

Section 3068 of the Code of Civil Procedure providing that, whenever judgment for more than fifty dollars is demanded in either pleading in an action brought in a Justice's Court, the appellant shall be entitled to a new trial if, in his notice of appeal, he demands one, confers a strict right, and unless it appears that a counterclaim set up in a defendant's answer is an improper and unwarranted pleading in the action, that effect should be given to it which the statute plainly directs.

APPEAL by the plaintiff, Baum's Castorine Company, from an order of the County Court of Oswego county, entered in the office of the clerk of the county of Oswego on the 14th day of May, 1895, denying the plaintiff's motion to strike out the counterclaim in defendant's answer as sham and to transfer the case from the trial to the law calendar of said court, to be argued upon the return of the justice of the peace before whom the action was originally tried.

*O. M. Reilly*, for the appellant.

*C. I. Miller*, for the respondent.

PARKER, J. :

The first question presented by this appeal is whether the counterclaim in defendant's answer should have been stricken out as sham under the provision of section 538 of the Code of Civil Procedure. That section allows a "sham answer or a sham defense" to be stricken out on motion. But a counterclaim is not a defense, as the word is used in relation to pleadings. In section 500 it is provided that an answer may contain a statement of new matter constituting a "defense or counterclaim," thus making a clear distinction between the two. The same distinction is found in section 507, and the very definition of a counterclaim, as given in section 501, shows that it is not included within the term "defense." For this reason it has been held that a counterclaim could not be stricken out as sham under section 152 of the Code of Procedure, which embodied substantially the same provisions as are now contained in section 538 of the Code of Civil Procedure. (*Collins* v. *Suau*, 7 Robt. 94; *Fettretch* v. *McKay*, 47 N. Y. 427.)

The next question presented is whether the action should not have been transferred from the trial calendar to the law calendar, and a new trial denied to the defendant in the County Court.

It has been held that when the counterclaim is clearly demurrable, as in *Denniston* v. *Trimmer* (27 Hun, 393), and in *Moore* v. *Trimmer* (23 N. Y. St. Repr. 2), or when the action is such that a counterclaim is not permitted in it, as in *Harvey* v. *Van Dyke* (66 How. Pr. 396) and in *Hinkley* v. *Troy & Albia R. R. Co.* (42 Hun, 282), it does not warrant a new trial in the County Court, and that a motion to transfer the case from the trial calendar to the law calendar is proper practice, and should be granted. Those cases, however, do not reach the question here presented. But in *Fuller* v. *Brierley* (36 How. Pr. 47), and in *Thompson* v. *Pine* (5 Hun, 647) it is held that when the counterclaim is sufficient and proper upon its face, although it may be false in fact, and pleaded for the mere purpose of obtaining a new trial on appeal, that question will not be tried upon affidavits in the County Court.

The Code of Civil Procedure (§ 3068) provides that whenever, in

an action brought in a Justice's Court, judgment for more than fifty dollars is demanded in either pleading, the appellant shall be entitled to a new trial if in his notice of appeal he demands one. Here, in plain language, is a strict right given to either party, and unless it appears that the counterclaim is an improper and unwarranted pleading in the action, that effect should be given to it which the statute so plainly directs.

It is true that under such a rule the right so given may sometimes be abused, but so would the practice allowing the truthfulness and good faith of a counterclaim to be assailed by motion and upon affidavits in the County Court. We conclude that the rule adopted by the court in *Thompson* v. *Pine*, above cited, is the proper one, and we are not disposed to differ from it.

The order of the County Court is correct, and should be affirmed, with ten dollars costs and printing disbursements against the appellant.

All concurred.

Order affirmed, with ten dollars costs and disbursements.