(26 Misc. Rep. 77.)

### LAFOND et al. v. LASSERE.

(Supreme Court, Special Term, New York County.   January, 1899.)

1. PLEADING—COUNTERCLAIMS.
   Failure to designate defenses as counterclaims, where nothing is shown to indicate that the pleader intended to set up a counterclaim as such,—the answer being defined merely as a defense,—precludes defendant from insisting that he has set up a counterclaim.

2. RIGHT TO ACCOUNTING.
   An allegation that defendant was engaged as an agent to sell on commission, and that certain commissions earned by him are due and unpaid, does not entitle him to an accounting.

3. SAME.
   Allegations of defendant that he was an agent to sell on commission. and that he has suffered damage by reason of the shipment to him of unmerchantable goods, and by the principal's refusing to ship him goods according to their contract, and seeking to recover moneys disbursed by him in the prosecution of the principal's business, do not present matters of equitable cognizance, so as to justify an accounting.

Action by Gustav Lafond and others against Jules Lassere.  Motion by defendant for judgment for lack of a reply to new matter set up in the answer.   Denied.

A. Furber, for plaintiffs.
Willoughby B. Dobbs, for defendant.

SCOTT, J.   The defendant moves for judgment against the plaintiffs for the relief demanded in the answer, and upon the counterclaims set up by the answer, and for an interlocutory judgment directing that an accounting be had between the parties.   The complaint is in the usual form for goods sold and delivered to the defendant.   The answer puts in issue the material allegations of the complaint, and then sets up much new matter by way of defense.   To this new matter the plaintiffs have not replied, and the defendant makes this motion upon the theory that his several defenses constitute counterclaims, and that the lack of a reply thereto entitled him to an immediate judgment.   An examination of the answer shows that none of the defenses set up therein are designated as "counterclaims," and there is nothing to indicate that the pleader intended or understood when he drew the answer that he was setting up what is known to our practice as a "counterclaim."   A clear distinction exists between a defense and a counterclaim, and, when a defense is intended as a counterclaim, it should be explicitly so stated in the answer, so as to advise the plaintiff; and when the defendant defines his answer as a "defense," and it is uncertain whether a counterclaim is intended, he is not in a position to insist that he has actually set up a counterclaim, and the answer should be construed and considered as a defense.   Association Co. v. Cuyler, 75 N. Y. 511.   It is by this rule that the answer in the present case must be construed, and, being so construed, no reply was required on the part of the plaintiffs.   All the new matter alleged in the answer is deemed as controverted by the plaintiffs.   Code Civ. Proc. § 522.

Neither is the defendant entitled to an interlocutory decree for an

accounting.   He alleges that, under an agreement between himself and plaintiffs, he was engaged as their agent to sell wines for them upon commission, and that certain commissions earned by him under this contract remain due and unpaid.   This allegation does not entitle him to an accounting in equity (Smith v. Bodine, 74 N. Y. 30), but merely to an action at law to recover whatever commissions may be due to him.   The other defenses consist of allegations that the defendant has suffered damage by reason of the shipment to him of unmerchantable goods, by reason of plaintiffs' violation of their contract and their refusal to ship him goods, and for moneys disbursed by defendant in the prosecution of plaintiffs' business and in the attempt to sell their wares.   None of these defenses present matters of equitable cognizance, or justify a judgment for an accounting.   The motion must be denied, with $10 costs.

Motion denied, with $10 costs.