(105 App. Div. 339.)

DOUGHTY v. PICOTT.

(Supreme Court, Appellate Division, Third Department. May 9, 1905.)

1. JUSTICES' COURTS—APPEALS—NEW TRIAL.

Code Civ. Proc. § 3068, provides that when no issue of fact or law is joined before a justice of the peace, and the sum or value of property sued for exceeds $50, the appellant may, in his notice of appeal, demand a new trial in the appellate court. Held, that where defendant did not appear before the justice, but suffered default in the sum of $79 and costs, and no issue of fact or law was joined, he was only entitled to be heard on questions of law.

2. SAME—EXCUSE FOR DEFAULT.

Where defendant did not appear before a justice of the peace, but appealed from a judgment against him, he could not excuse his default, and ask for a new trial before the same or another justice, under Code Civ. Proc. § 3064, providing that if an appeal is taken by defendant, and he fails to appear before the justice, and shows by affidavit or otherwise that manifest injustice has been done, and renders a satisfactory excuse for his default, the appellate court may, in its discretion, set aside the appeal and order a new trial before the same or another justice.

3. SAME—DOCKETS—TRANSFER OF CAUSE.

Where defendant, when sued before a justice, failed to appear, but suffered default, and appealed to the County Court, erroneously request-

ing a new trial on appeal, such request did not render his notice of appeal inoperative, but the court was entitled, on defendant's motion, to transfer the case to the law calendar, and hear the appeal on questions of law only.

Appeal from Essex County Court.

Action by Jerusha H. Doughty against Peter Picott. From an order denying plaintiff's application to dismiss an appeal from a justice, and granting a motion of defendant for an order directing that the appeal be heard on questions of law only, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

S. E. Manders, for appellant.
Adelbert W. Boynton, for respondent.

PARKER, P. J. Upon the trial before the justice the defendant did not appear either at the return of the summons or at any other time. Judgment was entered by the justice upon his default. The action was to recover the purchase price of goods sold and delivered, and the judgment was for plaintiff in the sum of $79, debt, and $2.70, costs. From such judgment the defendant appealed to the County Court, and in the notice of appeal demanded a new trial in the appellate court. Subsequently the plaintiff moved for an order directing that the appeal so taken be dismissed. The defendant thereupon moved at the same time and place for an order that the appeal be heard upon questions of law only, that it be placed upon the law calendar, and that the justice furnish an amended return which should contain all the evidence taken before him on the trial. The court denied the plaintiff's application and granted the motion of the defendant, and from such order the plaintiff takes this appeal.

Section 3046 of the Code of Civil Procedure provides when and how an appeal may be taken from the judgment of a justice of the peace. It is done by serving upon the justice and respondent a written notice of appeal, subscribed by the appellant or by his attorney in the appellate court. Sections 3047 and 3048 provide how such service shall be made. Section 3053 provides for the return which the justice is required to make when an appeal is so taken. Section 3068 provides that in certain cases therein specified the appellant may include in his notice of appeal a demand for a new trial in the appellate court, and thereupon he is entitled to one.

In the case now before us it is clear that the defendant and appellant was not entitled to a new trial on appeal. The original return shows that very clearly. No issue of fact or law was joined before the justice. In fact, the defendant did not at any time appear before him. Hence he was not entitled to demand a new trial in his notice. But nevertheless he had the right to appeal. Wait's Law & Pr. vol. 3 (7th Ed.) p. 585. And the fact that he asked in his notice more than he was entitled to does not render the whole notice inoperative, nor deprive him of the appeal which he has in fact

taken. In such a case the County Court may, upon the appellant's application, remove the case from the trial calendar to the law calendar, and thereafter treat the case as an appeal taken under section 3046, merely; and in such cases, if necessary, an order may be entered requiring the justice to make an amended return that will conform to the requirements of section 3053. Hinkley v. Troy, etc., R. Co., 42 Hun, 281, 285; Baum's Castorine Co. v. Thomas, 92 Hun, 1, 37 N. Y. Supp. 913; Hall v. Werney, 18 App. Div. 565, 566, 46 N. Y. Supp. 33, and cases cited. Of course, under such an appeal the appellant cannot have a new trial in the County Court; nor can he, under the provisions of section 3064, excuse his default and ask for a new trial before the same or another justice; but he may have a review of the proceedings taken before the justice, and a reversal for any errors of law which from the amended return appear to have been committed.

I am not unmindful of the case of Thorn v. Roods, 47 Hun, 433, upon which the appellant in this case has relied, and which holds a contrary doctrine to that here stated; but that case is not in harmony with the views of this court in its construction of the section in question, nor with the decisions of other courts upon the duty of the County Court in reference to appeals taken under circumstances similar to this.

The plaintiff's motion to dismiss the appeal was therefore properly denied, and the motion of the defendant to put the case on the law calendar, and for an order directing an amended return, was proper practice; and the order of the County Court granting it should be affirmed, without costs to either party. All concur.