JERUSHA H. DOUGHTY, Appellant, *v.* PETER PICOTT, Respondent.

*Appeal from a justice's judgment in default of appearance — amendment of a notice of appeal demanding a new trial in the County Court — amended return.*

Where, in an action brought in a Justice's Court, judgment is rendered against the defendant upon his default in appearance, he may appeal to the County Court, but is not entitled to demand a new trial in that court, nor, under the provisions of section 3064 of the Code of Civil Procedure, to excuse his default and ask for a new trial before the same or another justice.

The fact that in his notice of appeal he demanded a new trial does not render his entire appeal nugatory and entitle the plaintiff to have such appeal dismissed.

In such a case the County Court may, upon the defendant's application, remove the case from the trial calendar to the law calendar and thereafter treat the case as an appeal upon questions of law only.

The County Court may also require the justice to file an amended return containing all the evidence taken before him on the trial.

APPEAL by the plaintiff, Jerusha H. Doughty, from an order of the County Court of Essex county, entered in the office of the clerk of the county of Essex on the 20th day of February, 1905, denying the plaintiff's motion for the dismissal of an appeal by the defendant from a judgment of the Justice's Court of the town of Chesterfield, Essex county.

*S. E. Maders*, for the appellant.

*Adelbert W. Boynton*, for the respondent.

PARKER, P. J. :

Upon the trial before the justice the defendant did not appear, either at the return of the summons or at any other time. Judgment was entered by the justice upon his default. The action was to recover the purchase price of goods sold and delivered, and the judgment was for plaintiff in the sum of seventy-nine dollars debt and two dollars and seventy cents costs. From such judgment the defendant appealed to the County Court, and in the notice of appeal demanded a new trial in the appellate court. Subsequently the plaintiff moved for an order directing that the appeal so taken be dismissed. The defendant thereupon moved at the same time and place for an order that the appeal be heard upon questions of law only, that it be placed upon the law calendar, and that the jus-

tice furnish an amended return which should contain all the evidence taken before him on the trial. The court denied the plaintiff's application and granted the motion of the defendant, and from such order the plaintiff takes this appeal.

Section 3046 of the Code of Civil Procedure provides when and how an appeal may be taken from the judgment of a justice of the peace. It is done by serving upon the justice and upon the respondent, within a specified time, a written notice of appeal, subscribed either by the appellant or by his attorney in the appellate court. Sections 3047 and 3048 provide how such service shall be made. Section 3053 provides for the return which the justice is required to make when an appeal is so taken.

Section 3068 provides that in certain cases, therein specified, the appellant may include in his notice of appeal a demand for a new trial in the appellate court, and thereupon he is entitled to one.

In the case now before us it is clear that the defendant and appellant was not entitled to a new trial on appeal; the original return shows that very clearly. No issue of fact or law was joined before the justice. In fact, the defendant did not at any time appear before him. Hence he was not entitled to demand a new trial in his notice. But, nevertheless, he had the right to appeal. (3 Wait Law & Pr. [7th ed.] 585.) And the fact that he asked in his notice more than he was entitled to does not render the whole notice inoperative, nor deprive him of the appeal which he has, in fact, taken. In such a case the County Court may, upon the appellant's application, remove the case from the trial calender to the law calendar and thereafter treat the case as an appeal taken under section 3046 merely; and in such cases, if necessary, an order may be entered requiring the justice to make an amended return that will conform to the requirements of section 3053. (*Hinkley* v. *Troy & Albia R. R. Co.*, 42 Hun, 281, 285; *Baum's Castorine Co.* v. *Thomas*, 92 id. 1; *Hall* v. *Werney*, 18 App. Div. 565, 566, and cases cited.)

Of course, under such an appeal the appellant cannot have a new trial in the County Court, nor can he, under the provisions of section 3064, excuse his default and ask for a new trial before the same or another justice, but he may have a review of the proceedings taken before the justice and a reversal for any errors of law which,

from the amended return, appear to have been committed. I am not unmindful of the case of *Thorn* v. *Roods* (47 Hun, 433), upon which the appellant in this case has relied, and which holds a contrary doctrine to that here stated; but that case is not in harmony with the views of this court in its construction of the section in question nor with the decisions of other courts upon the duty of the County Court in reference to appeals taken under circumstances similar to this.

The plaintiff's motion to dismiss the appeal was, therefore, properly denied, and the motion of the defendant to put the case on the law calendar, and for an order directing an amended return, was proper practice, and the order of the County Court granting it should be affirmed, without costs to either party.

All concurred.

Order affirmed, without costs.