Argued October 28, decided November 11, 1913.

## HAALAND *v.* MILLER.

(136 Pac. 9.)

**Pleading—Cross-bill—Matters of "Defense"—Counterclaim.**

1. Under Section 390, L. O. L., providing that, in an action at law, where defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his "defense," he may file a complaint in equity in the nature of a cross-bill, matters constituting a counterclaim may not be so pleaded.

[As to scope and office of counterclaim, see note in 89 Am. Dec. 482.]

**Principal and Agent—Accounting—Demand.**

2. A complaint by a principal against his agent for an accounting is bad, it not alleging a demand for an accounting, or facts rendering a demand unnecessary.

**Account—Action for Accounting—Remedy at Law.**

3. The makers of a note, sued thereon by the payee, cannot file a complaint in equity in the nature of a cross-bill, under Section 390, L. O. L., for an accounting for the proceeds of sales of lumber which they intrusted to him to sell, with an agreement that he should credit the proceeds on the note, which he failed to do, fraud not being alleged, nor a discovery sought, and it not appearing the account is so complicated that it cannot be settled in an action at law.

From Wallowa: JOHN W. KNOWLES, Judge.

En Banc. Statement by MR. JUSTICE RAMSEY.

This is a suit in equity in the nature of a cross-bill by Christian S. Haaland and Carl E. Haaland against

M. P. Miller. The court below sustained a demurrer to the second amended complaint in the nature of a cross-bill, and, the plaintiffs not desiring to amend, a decree was rendered dismissing the plaintiffs' complaint. The plaintiffs appeal.     AFFIRMED.

For appellants there was a brief over the name of *Mr. O. M. Corkins,* with an oral argument by *Mr. A. S. Cooley.*

For respondent there was a brief, with an oral argument by *Mr. Thomas M. Dill.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

On December 16, 1912, M. P. Miller, as plaintiff, began an action at law in the court below against Christian S. Haaland, Swen Haaland and Carl E. Haaland, as partners, doing business under the firm name of Haaland Bros., to recover from them the sum of $2,000 and interest (less $700 paid thereon) upon a promissory note executed to him by said firm on the 1st day of November, 1910, and falling due three months from the date thereof, and also $967 and interest upon another promissory note made by said firm to said Miller on the 28th day of March, 1911; said last-named note being payable on demand, and a payment of $75 thereon being credited by said M. P. Miller in his complaint in said action.

The defendants in said action filed an answer denying that Swen Haaland was a member of said firm or had anything to do with the execution of either of said notes. They admitted that said notes were executed by Christian S. and Carl E. Haaland, that they were past due, and that they had paid thereon only the sums alleged in the complaint. Said firm also denied part of the attorney's fees claimed by M.

P. Miller in said action.  Said firm set forth the fol-
lowing affirmative matter in their said answer in said
action at law: "And for a further separate partial
defense to this cause of action defendants Christian
S. Haaland and Carl E. Haaland file their equitable
cross-bill in connection with the answer." And they
repeated said affirmative allegation as to the filing
of said cross-bill as a part of their answer to each
of the two counts of the complaint in said action at
law.

Said Christian S. Haaland and Carl E. Haaland
then filed in the court below their second amended
complaint in equity in the nature of a cross-bill. The
following is a copy of the body of said cross-bill in
equity: "That these plaintiffs and defendant are
brothers in law, the wife of said defendant being the
sister of these plaintiffs. That these plaintiffs, since
the fall of 1909, have been and now are engaged in the
lumbering business in the timbered country to the
northeast of the City of Wallowa, this county. That
in order to carry on said business the defendant has
furnished them money, evidenced by the promissory
notes described in the said law action, and have as-
sisted them in a financial way to carry on said busi-
ness, and to purchase land, machinery and personal
property of various kinds in connection with said
business. That by reason of such relationship and
the intimate business connection between plaintiffs
and defendant, defendant was intrusted with a large
amount of lumber, the property of plaintiff, to sell
and dispose of and to account to plaintiff and credit
the same on the aforesaid promissory notes. That
defendant took possession of a large amount of such
lumber, and disposed of it to various parties, and
has failed to account to plaintiff for the proceeds
thereof, or to credit the same or any part thereof on

said notes. That plaintiffs are informed and believe, and therefore allege, that defendant has disposed of a part of such lumber to one Frank Melotte, another part of it to parties at Lostine, Oregon, to be used in a church building at that point, and another portion to parties at Enterprise, which was used in the construction of sidewalks at such place, and a more detailed statement of which plaintiffs are unable to make. That the transaction as to such lumber involves the examination of a long account, and is largely within the knowledge of defendant. That plaintiffs do not know how much lumber defendant has thus disposed of and failed to account for or to credit on said promissory notes, and plaintiffs have no plain, speedy, or adequate remedy at law. And answering defendant's second cause of action by way of cross-bill and as a partial defense, plaintiffs allege the above facts, and make it an answer to defendant's second cause of action in the law case."

M. P. Miller, the plaintiff in said action at law and defendant in said second amended complaint in the nature of a cross-bill, demurred to the latter, upon the ground that it appears upon the face thereof that the court has no jurisdiction of the subject matter thereof, and for the reason that the amended complaint does not state facts sufficient to require the interposition of a court of equity, or to constitute cause of suit. The trial court sustained said demurrer and dismissed said cross-bill, the plaintiffs not desiring to amend.

The question for determination is, Was said demurrer properly sustained?

1. The right to file a complaint in equity in the nature of a cross-bill, where one has been sued at law, is based on Section 390, L. O. L., which is as follows: "Bills of revivor and bills of review, * * and cross-

bills, except as hereinafter mentioned, are abolished; * * and in an action at law, where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may, upon filing his answer therein, also as plaintiff, file a complaint in equity, in the nature of a cross-bill, which shall stay the proceedings at law," etc. When one has been sued at law, in order that he may properly file a complaint in equity in the nature of a cross-bill, he must be entitled to relief that arises out of facts which require the interposition of a court of equity, and this relief must be material to his defense. A "defense" within the meaning of Section 390, L. O. L., includes every matter of fact tending to diminish or entirely defeat the plaintiff's cause of action: *Baier* v. *Humpall,* 16 Neb. 127 (20 N. W. 108); 2 Words and Phrases, pp. 1939, 1940; Pomeroy's Code Remedies (4 ed.), § 27.

Professor Pomeroy, in his Code Remedies, Section 27, says: "In its judicial signification, a defense is something which simply prevents or defeats the recovery of a remedy in an action or suit, and not something by means of which the party who interposes it can obtain relief for himself. If the codes had merely in express language authorized the defendant to set up equitable defenses, but had not enacted any further provisions in reference to the subject matter, the granting of affirmative equitable remedies to the defendant could not have been inferred from such permission."

A counterclaim is not a "defense" within the meaning of Section 390, L. O. L.: *Fettretch* v. *McKay,* 47 N. Y. 427; *Baum's Castorine Co.* v. *Thomas,* 92 Hun, 1 (37 N. Y. Supp. 913); *Lafond* v. *Lassere,* 26 Misc. Rep. 77 (56 N. Y. Supp. 459); *Freeman* v. *Fleming,* 5 Iowa, 463. In *Fettretch* v. *McKay,* 47 N. Y. 427, the

court says: "Nor can this counterclaim be stricken
out as an irrelevant defense. It is not a defense.
There is a distinction between a counterclaim and a
defense." In *Baum's Castorine Co.* v. *Thomas,* 92
Hun, 1 (37 N. Y. Supp. 913), the court says: "But a
counterclaim is not a defense, as the word is used
in relation to pleadings. In Section 500 it is pro-
vided that an answer may contain a statement of new
matter constituting a 'defense or counterclaim,' thus
making a clear distinction between the two. The same
distinction is found in Section 507, and the very defini-
tion of 'counterclaim,' as given in Section 501, shows
that it is not included within the term 'defense.' "

We conclude that the facts that can be pleaded under
Section 390, L. O. L., in a complaint in the nature of a
cross-bill are facts constituting a defense or a partial
defense, and not a counterclaim.

2. The second amended complaint set out, *supra,*
alleges that the plaintiffs and the defendant are
brothers in law, and that the plaintiffs are engaged
in the sawmill business, and that the defendant fur-
nished them money to enable them to carry on said
business, and that the loan of said money is evidenced
by the promissory notes described in the said action
at law. They allege, also, that by reason of said re-
lationship and the intimate business connections be-
tween the plaintiffs and the defendant the defendant
was intrusted with a large amount of lumber, the
property of the plaintiffs, to sell and to account to the
plaintiffs for the proceeds of such sale, and credit the
same on the aforesaid promissory notes. The said
amended complaint also states that the defendant
took possession of a large amount of such lumber, and
disposed of it to various parties, and has failed to
account to the plaintiffs for the proceeds thereof, or
to credit the same or any part thereof on said notes.

Said complaint avers, also, that the plaintiffs are informed and believe, and therefore allege, that the defendant has disposed of a part of said lumber to Frank Melotte, another part to persons in Lostine to be used in a church building at that point, and another portion of said lumber to parties at Enterprise, which was used in the construction of sidewalks at that place. The complaint avers, also, that the plaintiffs are unable to make a more detailed statement concerning said lumber; that they do not know how much lumber the defendant has disposed of, and failed to account for, or to credit on said promissory notes; and that the transaction as to said lumber will involve the examination of a long account largely within the knowledge of the defendant.

It will be seen by an examination of this second amended complaint that it does not state when the defendant was intrusted with lumber to sell, how much the plaintiff turned over to him, or how much he sold. It is alleged that he took possession of a large amount of lumber, and disposed of it, and failed to account for any part of the proceeds thereof; but it is not alleged that the plaintiffs ever requested or demanded an account of said sales or of the proceeds, nor is it alleged that the defendant refused or neglected to account. It is not stated when he sold any lumber or received any money for lumber. The sales may have been only a few days before the complaint was filed. There is nothing stated indicating any neglect or refusal to account for any money received. When a pleading is demurred to, it is construed most strongly against the pleader: *Darr* v. *Guaranty Loan Assn.,* 47 Or. 88 (81 Pac. 565); *Fishburn* v. *Londershausen,* 50 Or. 363 (92 Pac. 1060, 15 Ann. Cas. 975, 14 L. R. A. (N. S.) 1234). As the plaintiffs do not allege that they demanded or requested of the defendant an ac-

counting, we have the right to conclude that they did not, and, as they do not allege that they made any efforts to ascertain what sales the defendant had made, it is not unreasonable to infer that they made none. Ordinarily, before an action or a suit can be maintained against an agent by a principal for an accounting, the principal must demand an account from the agent: 1 Cyc., p. 429; Mechem, Agency, § 531; Clark & Skyles, Agency, § 423.

Clark & Skyles, Agency, Section 423, says: "As a general rule, a principal cannot maintain an action against his agent for an accounting or to recover money or property received by the agent until he has made a demand upon the agent, and the latter has failed or refused to comply with such demand. As in other cases, however, the circumstances may be such as to render a demand unnecessary, as, for instance, when the agent has repudiated the agency and asserted a claim to the property or funds against the principal, or when he agreed beforehand to pay over the money when collected," etc.

Mechem, Agency, Section 531, says: "No action can ordinarily be maintained against an agent for money received by him for his principal until after a demand has been made upon him for its payment, with which he has refused or neglected to comply. Such a demand and refusal or neglect to pay are essential averments in the declaration or complaint, without which the action cannot ordinarily be sustained."

In this case no demand for an accounting is alleged, nor are any facts alleged which render a demand unnecessary. The amended complaint is therefore fatally defective, even assuming that the subject matter thereof is cognizable in a court of equity.

If the defendant received from the plaintiffs lumber to sell, with the agreement that the proceeds of the

sales would be accounted for and credited on the notes described in the pleadings in the action at law, and he made sales, and received the proceeds thereof, and failed to credit them on said notes, he is liable to the plaintiffs therefor in an action at law for money had and received. If the proceeds of the sales of such lumber were credited on the notes, such credit operated as payment of said notes, *pro tanto.*

3. A defendant in an action at law cannot properly file a complaint in equity in the nature of a cross-bill under Section 390, *supra,* and set up matters of defense which really constitute a counterclaim against the plaintiff in the action at law, unless the facts set up contain matters that come within some recognized head of equity jurisdiction. A mere right of action for money had and received cannot be thus set up in a cross-bill.

In this case the defendants in the action at law attempted to plead in their cross-bill a right to an accounting with the defendant as their agent for the sale of lumber and its proceeds. According to their pleading the defendant, as their agent, received from them some lumber, and sold part of it, and received the proceeds of the sales, and failed to account for any part thereof. It does not appear from this pleading that there are mutual accounts to be adjusted, nor does it appear that there are great complications or difficulties in adjusting the accounts, the only allegation of the amended complaint tending to show any complication in the accounts being the statement that it will involve the examination of a long account which is largely within the knowledge of the defendant. There is no averment that the plaintiffs have made any effort to ascertain the items of the account of the sales of said lumber, or that such information could not have been obtained by ordinary diligence. There is

much conflict of decisions as to the right of a principal to sue his agent in equity for an accounting.

In 6 Pomeroy's Equity, Section 932, the author says: "The principal difficulty is in determining in what cases equity will take jurisdiction of an accounting between principal and agent. The mere relation of principal and agent, without more—the relation not being really fiduciary in its nature, and no obstacle intervening to a recovery at law—is insufficient to enable a principal to maintain the action against his agent. But, where the relation is such that a confidence is reposed by the principal in his agent, and the matters for which an accounting is sought are peculiarly within the knowledge of the latter, equity will assume jurisdiction."

In Mechem, Agency, Section 532, the author says: "It seems to be well settled that the mere relation of principal and agent is not sufficient to authorize the principal to come into a court of equity for an accounting. For very many of the questions arising between them, the ordinary legal remedies are entirely adequate, and, when this is the case, resort cannot be had to equity. When, however, the agency is one of a strictly fiduciary character, involving a question of confidence between the parties, and fraud is alleged or a discovery sought, or where the account is so complicated that it cannot be settled at law without great difficulty, a bill in equity may be maintained."

In this case fraud is not alleged, nor is a discovery sought, nor does it appear that the account between the plaintiff and the defendant is so complicated that it cannot be settled in an action at law. The account between the parties can be as easily settled at law as in equity.

The plaintiffs have a plain, speedy and adequate remedy at law for the adjustment of their claim

against the defendant, and the demurrer to the second amended complaint was properly sustained by the court below.

The decree of the court below sustaining said demurrer and dismissing the plaintiffs' complaint is affirmed.          AFFIRMED.