JERRY BUCKLEY, Respondent, *v.* GEORGE A. SHAPLAND, Appellant.

(County Court, Oneida County, August, 1916.)

Appeal — Justice's Court — notice of appeal — amendment of return — evidence — Code Civ. Pro. §§ 3049, 3070.

> Where on appeal from a judgment rendered by a justice of the peace the appellant, through inadvertence, demands a new trial in the County Court, his motion to amend his notice of appeal by eliminating therefrom such demand and that the case be transferred to the law calendar may be granted under section 3049 of the Code of Civil Procedure. However, the order granting the motion must provide in terms for presenting the rights of the respondent under section 3070 of the Code of Civil Procedure and may contain a direction to the justice of the peace to amend the return on appeal by adding thereto the evidence taken in the case.

PLAINTIFF recovered after trial judgment for fifty dollars and twenty-five cents damages, and the defendant has appealed for a new trial. He makes this motion to be permitted to amend his appeal by eliminating therefrom the demand for new trial and to have the case transferred from the trial calendar to the law calendar.

E. P. Jordan, for appellant, for motion.

W. P. White (Charles H. Dennis, of counsel), for respondent, opposed.

HAZARD, J. The decision of this motion involves the construction of section 3049 of the Code of Civil Procedure and presents the question of whether the relief sought by the moving party herein may be legitimately considered as one within the power conferred upon this court by that section. It has been held that the County Court after the expiration of the time to appeal is without power to grant the relief sought, upon the theory that it is not in the line of perfecting an appeal, but that if granted it completely changes the character of the appeal. Perhaps the most important case holding the foregoing is *Thorn* v. *Roods,* 47 Hun, 433. That case, however, was in terms overruled by *Doughty* v. *Picott,* 105 App. Div. 339, where in a case in which the appellant had demanded a new trial to which he was not entitled it was held that the appeal might be allowed on questions of law. The court said: "The fact that he has asked in his notice of appeal more than he was entitled to, does not render the whole notice inoperative, nor deprive him of the appeal which he has in fact taken." Neither of the two cases mentioned is authority for permitting an

appellant who has taken such an appeal as he is entitled to, as in the case at bar, being permitted to change to a different sort of appeal, that is, for a review on the law only. It appears that the courts seem to recognize an appeal for a new trial as a higher or greater right or remedy than an appeal simply on questions of law; and the *Doughty* v. *Picott* case seems to establish clearly that where an appellant has claimed more than he is entitled to he may still be given the lesser remedy.

Motions of this sort usually happen the other way around, and it is usually the respondent who moves to restrict the appellant's rights to review of the law only. Such was the case of *Hinkley* v. *Troy & A. H. R. Co.,* 42 Hun, 281, where defendant appealed demanding a new trial in a case where it was held he was not entitled to one, and plaintiff moved to have the case put on the law calendar of the County Court. It was held that the motion should have been granted appellant on the ground that appellant was entitled to some kind of an appeal, but not to a new trial. To the same effect is the case of *Harvey* v. *Van Dyke,* 66 How. Pr. 396, where it was held that a motion to transfer the case to the law calendar should have been granted. The practice of sending an appeal from the trial calendar to the law calendar in a proper case seems to have the approval of the court in *Baum's C. Co.* v. *Thomas,* 92 Hun, 1. In *Hall* v. *Werney,* 18 App. Div. 565, plaintiff sued for $45 and defendant counterclaimed for $100. The verdict seems to have been no cause of action, and plaintiff appealed demanding a new trial. The case went on the trial calendar of the County Court and defendant moved to strike it off. The claimed right to a new trial rested upon the alleged counterclaim. The Appellate Division held

that the counterclaim was not a proper one and that therefore the motion should have been granted. The court said: "An improper pleading cannot be made the basis of a demand for a new trial in the County Court * * * and if an appeal is taken for a new trial based upon such improper pleadings, the County Court may refuse a new trial and send the case to the law calendar."

This case seems to differ from most of the others considered in that the appellant had the right to elect whether he wished to appeal on the law or for a new trial. His attorney makes affidavit that their intention was to appeal on the law only, and that the failure to erase the demand for a new trial from the printed form of the notice of appeal used was due wholly to inadvertence on his part. We thus have a case of an appellant who has asked for no more than he is entitled to, but who has inadvertently asked for more than he wants; and the question is presented as to whether the court can grant his motion and amend his notice of appeal and transfer the case to the law calendar.

The courts seem to have shown a decided tendency to amplify or at least to construe with great liberality the provisions of section 3049 of the Code. Speaking of that section the General Term, Second Department, in *Gutbrecht* v. *Prospect Park & C. I. R. Co.,* 28 Hun, 497, said: "That section authorizes the appellate court to allow an amendment to be made upon such terms as justice requires, where the appellant has omitted to do any act necessary to perfect the appeal. This language is very comprehensive and was intended to prevent all injury to appellants, arising from mere technical variances or omissions. Any act on the part of the appellant which con-

stitutes a step in the proceeding to appeal, and which evinces his intention in good faith to perfect and prosecute his appeal, is a sufficient ground for an amendment." The case of *Doughty* v. *Picott, supra,* dealt a crushing blow to the theory that an appeal for a new trial was something separate and apart and entirely distinct from an appeal for review. It seems to have established the rather obvious theory that an appeal is an appeal; and that there is no deadline which cannot be crossed between the two forms of appeal to County Court. Having that much established and following in the general line of liberal construction of section 3049, it would seem that to grant this motion and permit appellant to strike out from his notice of appeal the demand for a new trial is simply permitting him to do an " act necessary to perfect the appeal " *which he intended to take.* The reasons stated in the attorney's affidavit seem to me to be sufficient. Furthermore, the case at bar seems to be clearly in accord with *Chatfield* v. *Reynolds,* 31 N. Y. St. Repr. 195, where the appellant inadvertently omitted to demand a new trial in the County Court, and was permitted to amend by adding such a demand. I think the motion should be granted, but with ten dollars costs to respondent.

In preparing the order care must be taken to comply with the dictum of *Amos* v. *Bradley,* 15 W. Dig. 262, which holds that such an order when made must in terms provide for preserving the rights of respondent under section 3070 of the Code.

The order may also contain a direction to the justice of the peace to amend the return by adding thereto the evidence which was taken before him.

Ordered accordingly.