HARRISON BROS. CO., INC., Respondent, *v.* EXCELSIOR BAG
AND MANUFACTURING COMPANY, Appellant.

Third Department, December 28, 1917.

**Appeal to County Court for new trial — effect of failure to perfect appeal by undertaking — permission to file undertaking nunc pro tunc — costs.**

In the absence of an undertaking necessary to perfect an appeal for a new trial to the County Court, the appeal stands as one upon questions of law only, and it is error to dismiss it.

A defendant which has given a reasonable excuse for its default in failing to furnish an undertaking necessary to perfect an appeal for a new trial in the County Court, should be permitted to file the undertaking *nunc pro tunc* and perfect its appeal.

Where a motion for permission to file an undertaking *nunc pro tunc* to perfect an appeal to the County Court and the appeal are the direct results of the carelessness of the defendant's attorney, and the result of the appeal is to permit it to excuse its default and perfect its appeal, terms should be imposed.

APPEAL by the defendant, Excelsior Bag and Manufacturing Company, from an order of the County Court of Albany county, entered in the office of the clerk of said county on the 28th day of March, 1917, dismissing the defendant's appeal from the City Court of Watervliet to the County Court and denying defendant's application for permission to file an undertaking *nunc pro tunc* to perfect the appeal and for a new trial.

*Ainsworth, Carlisle & Sullivan* [*Charles B. Sullivan* of counsel], for the appellant.

*Dugan & Bookstein* [*Daniel J. Dugan* of counsel], for the respondent.

KELLOGG, P. J.:

The notice of appeal demands a new trial in the County Court. In the absence of an undertaking necessary to perfect an appeal for a new trial, the appeal stands as one upon questions of law only, and it was error to dismiss it, and the

HarisonHARRISON BROS. CO., INC., *v.* EXCELSIOR BAG & MFG. CO. 791

order in that respect must be reversed. (*Doughty* v. *Picott*, 105 App. Div. 339.) The defendant had the legal right to appeal for a new trial. Its affidavits show that it intended to file the undertaking in due time, and that the failure to file it was due to the neglect of its attorney. It has given a reasonable excuse for its default, and should now be permitted to file the undertaking and perfect its appeal. Its affidavit is perhaps carelessly drawn; but it foreshadows a defense which may be available to it on appeal.

Its attorney proceeded before the City Court upon the theory that by remaining in possession after the lease expired it only became bound for another year, when as matter of law the continuance in possession, without an understanding to the contrary, would bring about the result that it exercised the option and became a tenant for the three additional years, according to the option contained in the lease. If the defense foreshadowed in the affidavit is true, that there was a distinct understanding that the defendant was to be a tenant for one year instead of three, then it would be unjust to charge it with two years' rental in addition to the time agreed upon. It is not clear that the alleged defense is admissible under the pleadings. That question we need not determine. We are only deciding that the defendant has the right to perfect its appeal. If necessary to apply to the County Court for an amendment of the answer, that court can do justice upon a motion made for that purpose, and can impose such terms as may be just. (*Paddock* v. *Barnett*, 88 Hun, 381.) This motion and this appeal are the direct results of the carelessness of the defendant's attorney, and the result of this appeal is to permit it to excuse its default and perfect its appeal. Terms, therefore, should be imposed upon it.

The order appealed from should be reversed upon the defendant paying ten dollars costs of this appeal and disbursements, and ten dollars costs of the motion heretofore made, and upon payment thereof the order appealed from is reversed and the motion to be permitted to file the undertaking granted.

All concurred.

Order reversed upon the defendant paying ten dollars costs of this appeal and disbursements, and ten dollars costs of motion heretofore made, and upon payment thereof the order appealed from is reversed and the motion to be permitted to file the undertaking granted.