Argued April 3, reversed April 18, 1951

# JACOBSON *v.* WHEELER ET AL.
### 230 P. 2d 550

*Alfred P. Kelley,* of Portland, argued the cause for appellant. With him on the briefs was Paul C. King, of Portland.

*John H. Kelley,* of Portland, argued the cause and filed a brief for respondent, B. J. Wheeler.

Before BRAND, Chief Justice, and HAY, ROSSMAN, WARNER and TOOZE, Justices.

WARNER, J.

This is an action for $1,000.00 as compensation for the alleged damage done to plaintiff's household furnishings and the floors and walls of her residence in

Portland, Oregon. Plaintiff claims this was caused by the negligence of the defendant, B. J. Wheeler, while spray painting an oil furnace which he had previously installed upon plaintiff's premises. The defendant Wheeler admits the engagement to install the furnace but denies negligence or damage in connection with the spray painting. For a separate and further answer, "counter-claim and equitable defense" he pleads a cross bill wherein he alleges that a balance of $450.00 is due him for services and materials incident to the installation and painting of the furnace. He further claims a mechanic's lien and asks to have it foreclosed and the proceeds of the sale applied to the satisfaction of his unpaid account, attorneys' fees and costs.

L. B. Thompson and G. G. Southard also appear in the record as defendants. They were impleaded as additional parties by defendant Wheeler's cross bill as persons claiming liens inferior to his; but as they were not served and did not appear, the defendant-respondent Wheeler will hereinafter be referred to as "the defendant."

Plaintiff demurred to defendant's cross bill on the ground that it did not state a good defense to her action at law. The demurrer being overruled, plaintiff replied by a general denial and specifically denied that the court had jurisdiction to grant the relief prayed for in the defendant's cross bill.

At the time of trial the lower court first empaneled a jury to try plaintiff's law action. This trial ended with a verdict in favor of plaintiff for the sum of $350.00. At this juncture plaintiff retired from further participation. Immediately thereafter the judge dismissed the jury and, sitting in equity, proceeded to hear the suit pleaded by the cross bill. This resulted

in a judgment for defendant for the full amount of his claim in the sum of $475.00, together with $2.00 for recording fee and $100.00 as attorneys' fees, and was followed by the entry of a judgment and decree which in form offset the aforesaid judgment in favor of the defendant by the amount of plaintiff's judgment for $350.00, and decreed defendant a lien for the balance.

From the judgment and decree in favor of the defendant, plaintiff appeals asserting as error: (1) the order overruling plaintiff's demurrer to the cross bill; and (2) the court's action in holding a hearing on the cross bill.

These alleged errors resolve themselves into one question: Does defendant's further and separate answer plead equitable matters material to defendant's defense as contemplated by the provisions of § 9-102, O.C.L.A.

Section 9-102, so far as it is pertinent to the consideration of the demurrer, provides:

"* * * and in an action at law where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may set such matter up by answer, without the necessity of filing a complaint on the equity side of the court * * *."

Substantially the same question raised by this appeal was before us in the recently decided case of *Hunt et al. v. Bishop,* 191 Or., 229 P. 2d 960. (April 4, 1951). In that case the plaintiff growers had contracted to sell their 1946 hop crop to the defendant buyer for a stipulated price; delivery was refused by the buyer on the ground that the hops did not meet the contract standards of quality. The growers alleged breach of contract and sought recovery of the agreed price, less the

amount of the advances that the plaintiff growers had received from the defendant buyer. There, the defendant Bishop interposed an answer seeking recovery for his advances and the foreclosure of the lien which the selling contract gave as security therefor. The defendant Bishop claimed, as does the defendant in the matter at bar, that his answer was of the equitable character defined by § 9-102, O.C.L.A. In that case we held that the cross bill of the defendant did not fall within the purview of the statute. Even though it might be said to arise "out of facts requiring the interposition of a court of equity," it was nevertheless not material to Bishop's defense when pleaded as an answer to plaintiff's complaint for breach of contract. See *Hunt et al. v. Bishop,* supra, and cases therein cited.

■ The essential difference between *Hunt et al. v. Bishop,* supra, and the case here is: In the Hunt case plaintiffs' cause of action arose ex contractu, whereas in the instant case plaintiff's cause of action is predicated upon facts arising ex delicto. The fact that plaintiff's complaint sounds in tort does not, however, give such character to the defendant's cross bill as to make it a permissible equitable answer under § 9-102, O.C.L.A. Defendant's further and separate answer was vulnerable to plaintiff's demurrer, and the lower court was in error in overruling it.

By its erroneous ruling on the demurrer the lower court held, in essence, that defendant's cross bill constituted a good defense in equity to a law action.

■ Section 9-102, O.C.L.A., is the only statutory authority for the filing of an equitable cross bill as an answer and defense to an action at law. Therefore, by the court's ruling on the demurrer, the parties at trial time were ostensibly subject to the further provisions of

§ 9-102 governing the manner of trial when a law action is met with a properly pleaded defense cognizable in equity. It will be observed that the section specifically directs a particular proceeding when such a situation exists and in the following language:

> "* * * When such an equitable matter is interposed, the proceedings at law shall be stayed and the case shall thereafter proceed until the determination of the issues thus raised as a suit in equity by which the proceedings at law may be perpetually enjoined or allowed to proceed in accordance with the final decree; or such equitable relief as is proper may be given to either party. If, after determining the equities, as interposed by answer or reply, the case is allowed to proceed at law, the pleadings containing the equitable matter shall be considered withdrawn from the case, and the court shall allow such pleadings in the law action as are now provided for in actions of law * * *."

Notwithstanding, the lower court, inconsistent with the natural consequence of its ruling on plaintiff's demurrer, reversed the order of trial procedure required by the statute. It first tried plaintiff's law action to a jury. Thereafter, it dismissed the jury and the judge thereupon sat as a chancellor in equity and heard the defendant's suit in foreclosure under the cross bill. When the court heard the law case first, it lost all jurisdiction and right to hear and determine the equitable defense as a part of that action; therefore, the resulting judgment and decree for the defendant is a nullity.

The defendant seeks to avoid this conclusion by arguing that if his cross bill is not within the scope of § 9-102, O.C.L.A., it is nevertheless comprehended and permitted by § 1-711, subd. (2), O.C.L.A., authorizing an answer by way of counterclaim, and § 1-712, O.C.

L.A., which provides when a counterclaim may be set up. These two sections of the Code relate only to the pleading of legal counterclaims as defenses to actions at law. Construing § 1-712 this court held in *Cohn v. Wemme,* 47 Or. 146, 150, 81 P. 981, that that section did not permit the interposition of an equitable defense to an action at law. Defendant seeks to bolster his argument further by recourse to § 9-114, O.C.L.A. This latter section provides what shall constitute a counterclaim in equity. It is clearly a definition of what constitutes permissible counterclaim by way of defense to suits in equity as distinguished from equitable defenses to actions at law and as such has no application here.

■ Defendant in his pleadings and in his brief defines his claim as a counterclaim, and we concur that it has that legal character. That fact alone destroys its character as a proper defense of an equitable cognizance under § 9-102, O.C.L.A., for we have held that the only facts that can be pleaded under § 9-102, in the nature of a cross bill, are those constituting a defense or partial defense and not a counterclaim. *Heidel v. Shute,* 86 Or. 210, 219, 167 P. 586, 168 P. 298; *Haaland v. Miller,* 67 Or. 346, 351, 136 P. 9. Although the doctrine found in the cases last cited was laid down prior to the 1917 amendment to § 9-102, it is still controlling. *Gellert v. Bank of California, National Association et al.,* 107 Or. 162, 185, 214 P. 377; *James v. Ward,* 96 Or. 667, 673, 190 P. 1105. Also see the recently decided case of *Wiggins v. Hendrickson,* 191 Or. 285, 229 P. 2d 652.

The judgment in favor of defendant and against plaintiff in the amount of $475.00, together with interest and the further sums of $2.00 for recording fee and $100.00 as attorneys' fees, is reversed.